**No. 1936**

**Second Circuit**

---

**L.  S.  FRIERSON  v.  SHREVEPORT GROCERY COMPANY**

---

(October 21, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1.  **Louisiana Digest—Automobiles—Par. 4 (a), 4 (d); Roads, Bridges and Ferries —Par. 19.**

Where the plaintiff in an automobile accident was driving on the wrong side of the road at a speed of 20 to 25 miles an hour, he was negligent and cannot recover.

2.  **Louisiana Digest—Automobiles—Par. 4 (a), 4 (d); Roads, Bridges and Ferries —Par. 19.**

Where the defendant in an automobile accident was driving on the right side of the road at night but without lights he was negligent and cannot recover on a reconventional demand for damages.

3.  **Louisiana Digest—Negligence—Par. 39; Pleading—Par. 40.**

It is not necessary to label pleadings as a plea of contributory negligence so long as you set up the facts that constitute contributory negligence.

4.  **Louisiana Digest—Pleading—Par. 120, 123.**

Where evidence introduced without objection of contributory negligence, it will have the effect of enlarging the pleadings.

5.  **Louisiana Digest—Roads, Bridges and Ferries—Par. 19.**

He who can comply with the laws of the road and does not carries the burden of showing that his fault did not cause the accident.

(Civil Code, Art. 2315.  Editor's note.)

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo, Hon. T. F. Bell, Judge.

This is a suit arising out of an automobile collision.  There was a reconventional demand filed by defendant.  Judgment

against the plaintiff on the main demand and against the defendant on his reconventional demand.

Judgment affirmed.

Herndon and Herndon, of Shreveport, attorneys for plaintiff, appellant.

C. H. Lyons, of Shreveport, attorney for defendant, appellee.

REYNOLDS, J. This is a suit to recover $437.50 damages to plaintiff's Dodge car caused by a collision between plaintiff's car and defendant's truck on the night of October 27, 1922, on or near a curve on the highway near Lucas in Caddo parish.

The defendant denies liability and in reconvention asks for $112.00 damage done to his truck in the collision.

The evidence shows that the collision occurred on or near a curve after dark; that the truck was being driven without lights at a slow rate of speed, three or four miles an hour, on the driver's extreme right—the correct side of the road.

Plaintiff's Dodge car at the time of the collision was being driven on the driver's left—the wrong side of the road—at a speed of between twenty and twenty-five miles an hour; and the driver of plaintiff's car testified, page 3 of the evidence, that he was within ten or twelve feet of defendant's truck before he saw it.

In our opinion the drivers of both plaintiff and defendant were at fault and the collision was caused by the joint fault of the two drivers and neither plaintiff nor defendant can recover from the other.

It was negligence on the part of defendant to allow its truck to be driven on the highway after dark without lights, and its demand in reconvention must be denied.

It was negligence on the part of plaintiff to allow his car to be driven on the highway after dark on or around a curve at the driver's left or wrong side of the road at a speed of from twenty to twenty-five miles an hour to within ten or twelve feet of the truck with three bales of cotton loaded on it before seeing it.

If the curve obstructed the driver's view it was his duty to slow down and place his car under control so as to be able to steer it around a truck moving very slowly on his side of the road.

If the curve did not obstruct the driver's view and the lights did not illuminate the road for a greater distance than ten or twelve feet it was the duty of the driver to regulate the speed of his car so as to be able to avoid striking an object when he came within the circle of the radius of his lights; and failing to do so was negligence that bars his right to recover damages from any one he might run into.

The law of the road is a reasonable one and exacts of both parties an equal degree of care. If the circumstances are such as to compel one to go to the left it is not negligence to do so, but in the absence of such justifying condition the duty of each is to concede to the other his side of the road. He who can and does not, carries the burden of showing that his fault did not cause the accident.

Potter vs. Glassell, 146 La. 687, 83 South. 898.

Where the driver of an automobile chooses to use the wrong or left hand side of a curve at night in the dark he usually does it on account of the rapid rate of speed he is making and he does so at his own risk.

Huddy on Automobiles, section 307.

"One restriction on his speed is that he shall keep the machine under such control and operate it at such speed that he can stop the machine and avoid an obstruction or other traveller within the distance that the highway is illuminated by his lights. As was said in one case: 'It was negligence for the driver of the automobile to propel it in a dark place in which he

had to rely on the lights of his machine at a rate faster than enabled him to stop or avoid any obstruction within the radius of his lights or within the distance to which his lights would disclose the existence of obstructions. * * * If the lights on the automobile would disclose obstructions only ten yards away it was the duty of the driver to so regulate the speed of his machine that he could at all times avoid obstructions within that distance. If the lights on the machine would disclose objects further away than ten yards, and the driver failed to see the object in time, then he would be conclusively presumed to be guilty of negligence, because it was his duty to see what could have been seen'. This proposition applies when the driver is making a turn in the road, and is applicable when the bright light from another machine is shining in the face of the driver."

Plaintiff insists that defendant has not pleaded contributory negligence and hence cannot enjoy the benefit of that defense.

We think the allegation in defendant's answer:

"That at the time aforesaid, the said truck of defendant had crossed the track coming towards Shreveport just at the point where the said road turns sharply to the left, and as it did so, and while it was still in the bend of the road, the driver thereof, looked ahead and saw the car of the plaintiff coming towards it at some distance away at a very high and rapid rate of speed, which speed was greatly in excess of 25 miles per hour; that the said driver then drove the truck farther to the right and got the right front wheel and the right back wheel about two feet off the road to the right and stopped his truck; that the lights on the plaintiff's car were burning brightly and that plaintiff could easily, with due diligence, have seen the truck of defendant in time to have stopped and avoided the accident; that the said person driving the car of plaintiff did not slacken his speed, and when a short distance from the said truck, he turned the car of plaintiff sharply to the left and crashed into the truck; that the direct and proximate cause of the accident was the speed at which the car of plaintiff was being driven, and the turning of plaintiff's car sharply to the left as

aforesaid; that there was ample room on the right side of the road for plaintiff's car to have passed without touching the said truck."

* * *

"and that by plaintiff's negligence in not looking ahead, and by turning sharply to the left when he should have kept to the right, the accident was caused, and that plaintiff had the last clear chance to avoid the accident and failed to do so." are equivalent to and in effect constitute the plea of contributory negligence.

It is not necessary to label pleadings as a plea of contributory negligence so long as you set up the facts that constitute contributory negligence. Besides, in this case the evidence establishing contributory negligence was introduced without objection and therefore it must be considered under the well-established rule that evidence introduced by the plaintiff himself or by the defendant without objection enlarges the pleadings.

Ryan vs. L. N. O. & T. R. Co., 44 La. Ann. 806, 11 South. 30.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed.