146 So. 748

**PERKINS v. CLANCY, Sheriff and Tax Collector, et al.**

No. 32037.

Jan. 3, 1933.

Rehearing Denied Feb. 27, 1933.

Terriberry, Young, Rault & Carroll and Robert J. Perkins, all of New Orleans, for appellants.

C. A. Buchler, of Gretna, for appellee.

BRUNOT, Justice.

The same issues are presented in the above-entitled cases and the appeals are brought up in one transcript.

The plaintiff in each suit sought to enjoin the sheriff and tax collector of the parish of Jefferson from collecting drainage taxes levied on the lands in subdistricts Nos. 1 and 2 of the Fifth Jefferson drainage district. The tax was levied to pay Bond No. 1 of subdrainage district No. 1, for $100, and Bonds Nos. 5, 6, 7, and 8 of subdrainage district No. 2, for $500 each.

Previous to the levy of the tax, Mrs. T. J. Sellers, the holder and owner of the bonds, for value and before maturity, proceeded by mandamus to enforce the levy and collection of an acreage tax on the lands in subdistricts Nos. 1 and 2 of the Fifth Jefferson drainage district, to pay said bonds, interest, and costs. In this suit there was judgment for the plaintiff as prayed for in her petition and on appeal the judgment was affirmed. State ex rel. Sellers v. Fifth Jefferson Drainage District, 151 La. 1006, 92 So. 592. Several years after the rendition of the final judgment in that case, Mrs. Sellers, in proper proceedings, obtained a judgment in the district court ordering the levy and collection of the tax, and the tax sought to be enjoined in this suit was levied in compliance with that judgment.

The plaintiffs allege that the tax is illegal for certain alleged defects in the creation

of the Fifth Jefferson drainage district and in the personnel of the drainage board.

It is proper to note here that in the pleadings in the Lacy suit filed September 19, 1918, in the United States District Court for the Eastern District of Louisiana, the validity of the bonds held by Mrs. Sellers is virtually admitted.

The Fifth Jefferson drainage district was created and its drainage board was chosen in 1914, and this suit was filed September 12, 1930. The court issued an injunction on the face of the petition. The issuance of the injunction was excepted to because the rule nisi required by section 56 of Act No. 170 of 1898, was not served upon defendant. The provision of the act relied upon is as follows:

"No injunction against the collection of taxes * * * shall issue except after the issuance of a rule nisi, to be served on the tax collector, returnable in three days."

The exception was overruled. Defendant next filed a plea to the jurisdiction of the court, based upon the prescription provided for in section 3 of article 281 of the Constitution, as amended by the adoption by the voters of the amendment proposed and submitted to them by Act No. 192 of 1914. The submitted proposal is as follows:

"All bonds heretofore issued under and by virtue of this Article 281 of the Constitution by the governing authority of any subdivision, which have heretofore not been declared invalid by a judgment of a court of last resort in the State of Louisiana and more than sixty (60) days have elapsed since the promulgation of the proceedings evidencing the issuing of said bonds, are hereby recognized and declared to be valid and existing bonds and obligations of the district or subdivision issuing the same, and no court shall have jurisdiction to entertain any contest wherein their validity or constitutionality is questioned."

The defendant's plea to the jurisdiction of the court was referred to the merits. The answer joined issue on all of the material allegations of the petition. The plaintiff then filed a plea, alleging therein that the bonds involved in this suit were null, void, and unenforceable because they were prescribed by the prescription of three, five, and ten years. The case was tried on these major issues and judgment was rendered in favor of defendant, maintaining the constitutional prescription of sixty days, holding, on the merits, that plaintiff had failed to prove the facts alleged in his petition, and that the judgment rendered in State ex rel. Sellers v. Fifth Jefferson Drainage District, cited supra, was a money judgment and that this suit was brought before prescription had accrued thereon. The appeal is, by the plaintiff, from that judgment.

As no attack upon the bonds, owned and held by Mrs. Sellers, was made until many years after their issuance, and as there is no contention that the authorized bond issues exceeded 10 per cent. of the assessed value of the property affected by them, the constitutional prescription of sixty days must be applied, and, after the lapse of that time, the Constitution expressly provides that:

"No court shall have jurisdiction to entertain any contest wherein their validity or constitutionality is questioned."

The trial judge did not maintain the plea to the jurisdiction of the court, but he did

maintain the prescription on which that plea is based. The result was that the case was heard on the merits. We think the defendant's plea to the jurisdiction of the court should have been maintained and the case should have ended there, at least in so far as its trial on the merits, for the validity of the bonds was the real issue on the merits, and as that issue was foreclosed by the constitutional prescription as pleaded by defendant, thereafter no court, in Louisiana, had jurisdiction to consider it.

As to the plaintiff's plea of prescription, final judgments prescribe after the lapse of ten years from the date of their rendition. The judgment Mrs. Sellers obtained ordered the levy and collection of an acreage tax on the lands of subdrainage districts Nos. 1 and 2 of the Fifth Jefferson parish drainage district, for the purpose of paying the bonds held by Mrs. Sellers, together with interest thereon and the costs of collection. It is true that the judgment was rendered in a mandamus proceeding, but that is the only proceeding that was available to the plaintiff in that suit, and it is none the less a money judgment. That judgment was not prescribed when this suit was filed, and, therefore, plaintiff's pleas of prescription were properly overruled.

For the reasons stated, it is decreed that the judgment appealed from be, and it is hereby, amended as follows:

The plea to the jurisdiction of the court is maintained as to the issues presented on the merits, and, as thus amended, it is affirmed at appellants' cost.

O'NIELL, C. J., concurs in the affirming of the judgment appealed from.