152 So. 331

STATE ex rel. BROCK, Bank Com'r, et al. v. CLANCY et al.

No. 32626.

Nov. 27, 1933.

Rehearing Denied Jan. 2, 1934.

Dufour, St. Paul, Levy & Miceli, of New Orleans (Anna Judge Veters, of New Orleans, of counsel), for plaintiffs and relators.

C. A. Buchler, of Gretna, for respondents.

BRUNOT, Justice.

The relators, the state bank commissioner, and the special agent of the mortgagee, the Canal Bank & Trust Company, filed a suit in the Twenty-Fourth judicial district court, for the parish of Jefferson, state of Louisiana, to enjoin the sale of the property described in their petition, which was advertised to be sold for the nonpayment of special drainage taxes which were assessed against the property for the year 1929, in compliance with a decree of the Twenty-Fourth judicial district court, to pay the principal and interest due on certain drainage bonds issued by the Fifth Jefferson drainage district in 1924, and which bonds and interest the same court had previously decreed to be a valid, due, and an exigible obligation.

As plaintiffs in their suit, the relators pleaded the nullity of the judgment ordering the assessment of the tax. They pleaded that the bonds and taxes were prescribed; and,

in the alternative, they pleaded that the tax was not imposed according to law, but in contravention of the Constitution of the state. They pray for a rule nisi, and, in due course, for a preliminary injunction, and, on final hearing, for a judgment perpetuating the injunction.

The court issued a rule to show cause why the injunction prayed for should not be granted. The defendants answered the rule by filing a special plea, and exceptions of no right or cause of action, and the want of interest in the plaintiffs.

The special plea was disposed of before the trial. When the case was called for trial, the defendants renewed their exception and filed a plea of res adjudicata, and the case was tried, argued, and submitted on the issues raised by the plaintiffs' pleadings and defendants' exceptions and plea of res adjudicata.

The trial resulted in a judgment recalling the rule nisi, denying the preliminary injunction prayed for, and dismissing the suit at the plaintiffs' cost. Thereupon relators applied to this court for writs of certiorari, mandamus, and prohibition. A certiorari, coupled with a stay order, issued, and in response thereto the trial judge submits his written reasons for the judgment complained of as his return to this court.

We have carefully read the judge's reasons for judgment, and find that he has ably and accurately disposed of the issues presented in this case. We therefore adopt and quote his reasons as our own:

"The original rule was made returnable October 13, 1933, and at that time defend-

ants filed special plea to the effect that no injunction could issue until all the taxes due on the property and which were not in contest had been paid and tax receipts filed, and that taxes for the year 1932 were due and had not been paid, and that same were not being contested.

"In connection with this special plea there was likewise filed an exception of no cause or right of action and want of interest in the plaintiff.

"With the consent of counsel for the defendant the matter was continued to October 18th, in order that plaintiff would have an opportunity to pay the taxes for the year 1932 that were due on the property and were not in contest.

"Said taxes having been paid, this case was again taken up on October 18th, and at that time the defendants renewed the exception of no cause or right of action and lack of interest and in addition thereto filed a special plea of res adjudicata and answered categorically the petition of the plaintiff on the merits.

"The evidence on both sides being introduced, the case was argued by counsel on both sides, and then submitted to the court for decision on all of the issues raised.

"On the exception of no cause or right of action and want of interest in the plaintiff to obtain an injunction against the collection of special drainage tax imposed on the property of Robert J. Perkins and Estate of Israel Shoudy, the court is of the opinion that under the provisions of section 56 of Act No. 170 of 1898, the right to obtain an injunction against the collection of a tax imposed on real estate is vested in the taxpayer, and that one who is merely a mortgage holder on the property, as is the plaintiff in this case, cannot obtain an injunction.

"This matter was expressly decided by the Supreme Court in the case of Bernstein v. Clement, Sheriff, 129 La. 824, 56 So. 902, in which case the Supreme Court decided: 'One who enjoins the collection of a tax and fails to exhibit title to the property affected discloses no interest and cannot maintain the action.'

"If, on the other hand, plaintiff should be considered as a taxpayer, then, and in that case, the court is of the opinion that the plea of res adjudicata should be maintained, for the reason that the issues raised and the relief sought for in this case are identical with those alleged and prayed for in the cases Nos. 8156 and 8157 of the docket of this court entitled, respectively, Robert J. Perkins, and Leo M. Coogan, Curator of Vacant Estate of Israel Shoudy v. Frank J. Clancy, Sheriff and Tax Collector for the Parish of Jefferson, in which cases, owners and taxpayers of the exact same property involved in this case sought to obtain an injunction against the collection of the exact same taxes involved in this case, and in which cases the preliminary injunctions originally granted by this court were recalled and the final judgments of this court refusing to grant injunctions were affirmed by the Supreme Court of this state in the matter No. 32037 of the docket of said court. 176 La. 787, 146 So. 748.

"The only objection raised to the plea of res adjudicata was that there are different parties before the court, but in each case the capacity of both parties is that of tax-payers, and the court is of the opinion that it is the same parties before the court as it is the capacity of the parties which governs and not the names of the parties, and further that whatever right or claim the present plaintiff may have on the property must have been derived from the said owners granting the mortgage, and therefore this plaintiff cannot have any greater right or authority than the owner of the property to question the imposition and collection of a special drainage tax involved in this case.

"It is evident that the owners, Robert J. Perkins and estate of Israel Shoudy, * * * could not again be heard in a suit to enjoin the collection of the tax involved, and therefore the present plaintiffs as privy of the owners cannot be heard to raise the exact same question.

"On the merits of the case it is evident that the prescriptions of three, five, and ten years are the same as those previously raised in the Perkins and Shoudy Cases, which said pleas were overruled by this court and affirmed by the Supreme Court.

■ "The plaintiffs filed a plea of ten years' prescription to the effect that the original judgment of mandamus rendered by this court in 1921, commanding the imposition and collection of the special drainage tax in contest in this suit, had not been revived within ten years from the date of its rendition.

"The fact of the matter is that said judgment had been executed in 1929, and was

transferred into a tax imposed, and therefore there was no necessity to compel the assessor to extend a tax which he had already extended and to compel the sheriff to collect a tax which he was in the act of collecting and was prevented from so doing by an injunction obtained by the owner and taxpayer of the property upon which the tax was imposed.

"It is evident that a mandamus could not issue to compel the doing of a thing that had already been done, and therefore the court is of the opinion that there was no necessity to obtain a second judgment of mandamus.

■ "Plaintiff likewise questioned the legality of the tax imposed on the ground that same was not actually imposed by the board of commissioners of the drainage district, because the said board was out of existence at the time the tax was imposed. *

"The court is of the opinion that paragraph 5 of article 281 of the Constitution of 1898, as amended by constitutional amendment proposed by Act No. 132 of 1912, was adopted for the purpose of taking care of a situation as existed in this matter, and that under said constitutional authority, this court was given the right and authority, upon the failure and neglect of the drainage board to impose the tax, to, itself, order the assessor and the tax collector to impose and collect said tax.

■■ "It is a well-settled rule of equity that an injunction will not issue, except upon allegation and proof of irreparable injury. There is no evidence in this matter that the plaintiff will suffer any injury, if the owners of the property, upon which they

have a mortgage, are compelled to pay the tax in dispute. Should the owners fail to pay said tax, the plaintiff has a right to pay same and add the amount paid to the amount of the mortgage and collect same in preference to all the creditors.

"There is nothing to show that the property consisting of three plantations located in the parish of Jefferson is not of sufficient value to pay the full amount of plaintiff's mortgage, plus whatever taxes may have been paid by plaintiff herein. The record shows that plaintiff has paid the state and parish taxes for the years 1929, up to and including 1932, and has been subrogated to the rights of the taxing authorities by the tax collector under special authority of the Revenue Act No. 170 of 1898, as amended, and plaintiff has the same right to pay the drainage taxes involved in this suit and obtain subrogation just as in the case of state and parish taxes.

"The plaintiff has shown no injury, much less irreparable injury, and therefore is not entitled to a writ of injunction."

For the reasons stated, the writ of certiorari heretofore issued herein is recalled and vacated, and relators' application is denied, at their cost.

O'NIELL, C. J., dissents, being of the opinion that the decision in Bernstein v. Clement, Sheriff, 129 La. 824, 56 So. 902, is not appropriate, and that the plea of res judicata is not well founded.

ST. PAUL, J., takes no part.