181 So. 555

**RAUSCHKOLB v. DI MATTEO.**

No. 34450.

May 2, 1938.

John E. Fleury, of Gretna, for appellant.

Fred A. Middleton, of New Orleans, for appellees.

## HIGGINS, Justice.

The plaintiff instituted foreclosure proceedings on a $7,000.00 note executed by defendant and secured by a mortgage on certain immovable property located in the Town of McDonoghville (now the City of Gretna), and subsequently filed a supplemental and amended petition alleging that Joseph, Ignacio, Francisco, Leonardo, Antonio, Maria, Salvador and Francesco Fradella claimed to be the owners of an undivided 1/18 interest each in the mortgaged real estate and prayed that they be made parties defendant and that demand for payment be made upon them, in default of which a writ of seizure be issued and the property be sold to satisfy his demand.

The Fradellas answered averring that they were the owners of an undivided 1/18 interest each in the real estate upon which the plaintiff was seeking to foreclose, and that they had never mortgaged the property to the plaintiff nor authorized any mortgage on their interest. Then, assuming the position of plaintiffs in reconvention, they prayed for an injunction restraining the sheriff from selling their undivided interest in the property to satisfy the plaintiff's mortgage.

The court issued a preliminary injunction staying the foreclosure, and plaintiff filed an answer to the reconventional demand .denying that the Fradellas were the owners of any interest or part of the property, but that the defendant mortgagor was the true and lawful owner of all of the property, having purchased it from the vendee of the Fradellas, whose interest had been lawfully sold during their minority in the succession of their father through a partition proceeding instituted by the dative tutor of the minors, recommended by a family meeting, which was duly homologated by the court. These averments were substantially the same as those set up in the case of Fradella v. Pumilia et al., 177 La. 47, 147 So. 496.

Upon the trial of the case, counsel for the mortgage creditor offered, over the objection of the attorney for the Fradellas, the identical records and testimony which were introduced in evidence upon the trial of the case of Fradella v. Pumilia et al., supra. The objection was based upon a plea of res adjudicata. The district judge originally overruled the objection and plea but later maintained them, holding that, since this Court, in the case of Fradella v. Pumilia et al., supra, held that that part of the tutorship proceedings which authorized the sale of the

minors' interest in the property was null and void, because it was not expressly stated or sufficiently indicated therein that it was a partition proceeding under Act No. 25 of 1878, amending Rev.St. § 2667; and that, as the mortgagor, Mrs. Pumilia, was bound by the decision of the Supreme Court with reference to the Fradellas' part ownership of the mortgaged property that the decision was equally binding upon Charles Rauschkolb, the mortgage creditor, who was the mortgage debtor's privy, citing State ex rel. Brock, Bank Commissioner, v. Clancy et al., 178 La. 687, 152 So. 331.

The lower court also concluded that this Court, having held in the case of Fradella v. Pumilia et al., supra, that the Fradellas were the owners of an undivided 1/18 interest each in the property in question, and the judgment having become final, that the Fradellas are the owners in fact of their interest in the property; and that as the Fradellas did not sign the mortgage or authorize any one to grant a mortgage on their interest in the property, the plaintiff's mortgage did not bind their interest but operated only on the 10/18 interest in the property of the mortgagor debtor. The judge perpetuated the injunction, restraining the mortgage creditor from seizing, advertising or selling the undivided 1/18 interest each of the Fradellas in the property.

The plaintiff appealed.

Article 2286 of the Revised Civil Code provides:

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

In the suit of Fradella v. Pumilia et al., supra, plaintiffs did not make the mortgage creditor a party to the proceedings. The object of their demand was to be declared the owners of an undivided 1/18 interest each, as against their mother and stepfather.

In the instant case, the mortgage creditor is asserting his demand under the $7,000.00 note, secured by the mortgage granted on the whole of the property in question. It, is, therefore, clear that this is neither the same cause of action or object of judgment, nor the same parties in the same quality as involved in the case of Fradella v. Pumilia et al., supra.

In the case of Foutelet v. Murrell, 9 La. 291, it was decided that a judgment obtained by the heirs of a deceased wife against the surviving husband, annulling the adjudication of the property of the succession to him, on the ground that it was the wife's exclusive property and the sale was made through error, did not bind a mortgagee, who obtained his rights against the property from the husband, when the mortgage creditor was not a party to the suit and, therefore, that the judgment was not res adjudicata.

In Lacassagne v. Abraham, 48 La.Ann. 1160, 20 So. 672, the Court decided that the judgment in a suit to annul a sale on

the ground of fraud, could not be pleaded as res adjudicata in an injunction suit to restrain the foreclosure of the mortgage on the property where the mortgagee had not been a party to the original suit.

In Hayes Lumber Co. v. Jones Drilling Co., 177 La. 626, 148 So. 899, this Court held that a judgment recognizing a materialman's lien against the owner of immovable property and sustaining a writ of provisional seizure was not binding on the mortgagee who, although served with notice of the seizure, was not made a party to the suit.

In the case of Carpenter v. Metropolitan Life Ins. Co., La.App., 167 So. 223, the court pointed out the difference between res adjudicata and stare decisis. Of course, where the jurisprudence is well settled on a point of law, it applies equally to all parties regardless of whether or not they were parties to the suit. In pleading res adjudicata, it is necessary that the party affected be a party litigant in proceedings where the judgment was obtained.

The sole authority relied upon by the Fradellas and cited by the trial judge in reaching his conclusion in State ex rel. Brock, Bank Commissioner, v. Clancy et al., 178 La. 687, 152 So. 331. In that case, the special agent of the mortgagee questioned the validity of the imposition and the collection of a special drainage tax affecting the mortgaged property on the same grounds previously urged by the mortgagors and owners, who lost their case when the judgment of the district court was affirmed by the Supreme Court. Perkins v.

Clancy, 176 La. 787, 146 So. 748. In discussing the plea of res adjudicata filed by the sheriff and tax collector, the lower court pointed out that the question had already been settled by the Supreme Court, thereby indicating that the judge considered the question stare decisis, but he continued to discuss it under the plea of res adjudicata. The case is distinguishable here, since it was concluded that the plaintiff was appearing in the capacity of a taxpayer on the same property with reference to the same taxes, and that the court had previously decided that the imposition and the collection of the taxes on the property were legal and could not be enjoined. The court also held that the mortgagee, as privy of the mortgagor was not entitled to a greater "right or authority" than the owner of the property to question the legality of the taxes. This last statement may be true in the situation of the mortgagors and mortgagee with reference to the special drainage tax, but it is certainly not correct as far as mortgagees and mortgagors, as owners, are concerned generally. It is not difficult to conceive of situations where the mortgagee as the bona fide party, dealing on the faith of the public record, will have greater rights than the mortgagor as owner. The instant case is a good example.

We are of the opinion that the plea of res adjudicata is not well founded and it is therefore overruled.

Counsel for the plaintiff asserts that the proceedings in the succession of Francisco (Frank) Fradella where the minors' interest was sold, clearly indicate that

there are acts and proceedings peculiar to partitions and that they were in fact and in law a partition of the property in question through private sale, as authorized by the provisions of Act No. 25 of 1879, and that the decision of this court in the case of Fradella v. Pumilia et al., 177 La. 47, 147 So. 496, is contrary to the provisions of the statute, and in conflict with the jurisprudence of this State and should be overruled.

Plaintiff also pleaded that he is protected by the orders, decree and judgment of the lower court, being an innocent and a bona fide party who acted on the faith of the public records.

He also pleaded prescription of 5 and 10 years under articles 3542 and 3478 of the Revised Civil Code.

He further interposed the following pleas:

"Estoppel against Mrs. Leonardo Franzella, one of the children on the ground that she received her share of the proceeds from the private sale and cannot at this time also claim an interest in the property.

"Estoppel against Frank Fradella and Mrs. Marie Klink, the former for purchasing and reselling Lots 2, 3 and part of 4, Square 100, and the latter for signing as a witness to the act of sale; thereby ratifying the partition proceedings.

"That the buildings presently on the land and under foreclosure were built, partly with money collected from the insurance company as a result of the second fire and with money borrowed from Rauschkolb and the children have no interest in said buildings whatsoever.

"Estoppel against all of the Fradella children, because they made no claim to any of the insurance money collected as a result of both the first and second fires."

We shall dispose of these points in the above order:

Francisco (Frank) Fradella married Josephine DiMatteo, and of this union nine children were born, eight of whom are living, one having died without issue. During the community which existed between the couple, the husband purchased from Frank A. Daniels, on March 1, 1907, by notarial act, lots 3, 4 and 5 in Square 100, McDonoghville, for $1,500.00, paying $500.-00 cash and owing the balance of $1,000.00 in the form of a mortgage in favor of Marco Rosamano, who loaned him the money. He died, intestate, at his residence and domicile at McDonoghville on March 9, 1908, leaving his widow in community and the eight surviving children. On February 1, 1909, his widow married Gaspar Pumilia, without being retained by family meeting as tutrix of her children.

In May 1909, the Succession of Francisco (Frank) Fradella was opened in the 28th Judicial District Court for the Parish of Jefferson, the record showing that in accordance with an order rendered on May 11, 1909, an inventory was taken and approved and homologated on June 23, 1909, showing that the movable property consisted of the contents of a bedroom, shed, farming tools and implements, a mule and a wagon, valued at $525.10, and real estate appraised at the sum of $2,500.-

00, making a total of $3,025.10, one-half or $1,512.55 of which belonged to the minors and the other half or $1,512.55 to the widow.

On July 9, 1909, a petition to be recognized was filed and judgment was rendered on the same day placing the widow and her minor children in possession of the property, in their respective proportions. The petition also asked for the appointment of a tutor and an under-tutor. Joseph Fradella was appointed under-tutor and the court ordered that a family meeting be held for the purpose of recommending a dative tutor for the minors. After the family meeting made its recommendations, which were approved and homologated on December 29, 1909, Antonio Suneri, who was named therein, failed to qualify as dative tutor. On March 12, 1910, John Caruso was named dative tutor by a family meeting, but, apparently, he also failed to qualify. On March 31, 1910, a family meeting recommended the appointment of Casimir Dauenhauer, a justice of the peace, as dative tutor of the minors, and this appointment was approved by the district court, and he qualified by taking his oath on April 21, 1910.

Casimir Dauenhauer, dative tutor of the minors, thereafter filed a petition, alleging that Marco Rosamano was willing to purchase the three lots and improvements owned by the Fradellas in indivision for $2,500.00 at private sale, and asking for a family meeting to deliberate on the matter. On May 6, 1910, the family meeting was held before C. W. Rossner, clerk of court and ex officio notary public, and the sale was recommended for $2,500.00 cash (the under tutor, Joseph Fradella, concurring therein), and the recommendations of the family meeting were approved and homologated by the court and the dative tutor authorized to sign the act of sale, the order being signed May 12, 1910. On October 27, 1910, Mrs. Fradella and Casimir Dauenhauer, as tutor, sold and transferred the respective undivided one-half interests of the owners to Marco Rosamano for $2,500.00 cash. On November 9, 1910, Rosamano sold the property to Gaspar Pumilia for $2,500.00 on terms of credit. On December 16, 1910, a petition was filed by the dative tutor, alleging that the property had been sold; that the funds belonging to the minors were deposited in the registry of the court; that there were no debts except the mortgage on the property which had been sold; that the indebtedness of the minors for their part of the costs of court should be paid out of their share of the funds realized from the sale; that a monthly allowance be made for the necessary support and education of the minors; and that a family meeting be ordered for the purpose of considering these matters.

The family meeting was held on December 13, 1910, and on June 14, 1911, the recommendations were approved and homologated, the dative tutor being authorized and directed, after paying the indebtedness due by the minors out of their share of the funds realized from the sale of the property to deposit the balance to his credit as dative tutor in the Jefferson Trust & Savings Bank, and to thereafter withdraw

the sum of $22.50 per month for the support and education of the minors.

On July 10, 1913, Mrs. Josephine Fradella, wife of Gaspar Pumilia, filed a petition, calling the court's attention to the fact that there was a vacancy in the position of the dative tutor and asked that a family meeting be convened for the purpose of naming a suitable person for appointment, and also requesting that the minor, Leonardo, who had reached her majority, be paid her full share, alleging that there was a balance in the bank of $383.00. On July 18, 1913, the family meeting was duly held and recommended Samuel J. McCune for appointment, and further approved the payment of the share of Leonardo Fradella, then wife of Marianna Frazella, and the continuance of the expenditure of $22.50 for the maintenance and education of the remaining minors. The district judge approved the family meeting on July 18, 1913.

On September 5, 1919, Gaspar Pumilia and his wife sold the whole of lots 2, 3 and a part of 4, and other real estate to Joseph Fradella, one of the children of his wife's first marriage, and one of the defendants in this suit, for $3,500.00 cash.

On October 10, 1919, a judgment of divorce was rendered between Mrs. Guiseppa (Josephine) DiMatteo, widow by first marriage of Francisco (Frank) Fradella, and Gaspar Pumilia, her second husband.

On October 20, 1919, Joseph Fradella sold to his mother, the divorced wife of Gaspar Pumilia, the same property he had acquired from them on September 5, 1919, for $3,200.00, represented by $800.00 cash,

and a note for $2,400.00, payable one year after date. Mrs. Maria Fradella, wife of E. A. Klink, and one of the heirs and a defendant in this case, signed as a witness to the act of sale.

On March 4, 1929, Mrs. Josephine (Guiseppa) DiMatteo Fradella, wife of Gaspar Pumilia (the parties having remarried), executed an act of mortgage, in which she mortgaged to the plaintiff, Charles Rauschkolb, for the sum of $7,000.00, the whole of lots 2, 3 and part of 4 of Square 100, Town of McDonoghville, (now the City of Gretna), signing a promissory note for that amount, payable one year after date, with 7% interest per annum.

Subsequent to the above transaction, and before the present suit was instituted, the eight Fradella children filed suit in the 24th Judicial District Court against their mother and her husband, Gaspar Pumilia, praying that they be recognized as the owners of an undivided 1/18 interest each of lots 3, 4 and 5 of Square 100, and asserting that the sale to Marco Rosamano for $2,500.00 was an absolute nullity.

On January 3, 1933, this court annulled the judgment of the district court and overruled the plea of prescription of 10 years, and annulled the sale on the ground that the tutorship proceedings in no way set forth or indicated that the purpose of the proceedings was to effect a partition by private sale, and remanded the case on the question of an accounting between the parties. Two justices dissented. See Fradella v. Pumilia et al., supra.

The mortgage debtor having defaulted in the payment of interest and principal,

the mortgage creditor instituted the present foreclosure proceedings on October 18, 1933. Upon being apprised of the decision of this Court declaring the minors to be part owners of the mortgaged property, the mortgage creditor filed a supplemental and amended petition, naming them parties defendant.

Act No. 25 of 1878, amending Rev.St. § 2667, reads as follows:

"When two or more persons, some or all of whom are minors, hold property in common, and it is the wish of any one of them, or, if a minor represented by his tutor or tutrix, to effect a partition on the advice of a family meeting, duly convened according to law, to represent the minor or minors, said property may be sold at private sale for its appraised value, said appraisement to be made and the terms of said sale to be fixed by the family meeting, and said proceedings to be homologated by the judge of probates of the parish in which the said minor resides."

■ The record conclusively shows that every provision and requirement of the statute was complied with in the tutorship proceedings under which the interests of the minors were sold at private sale. Two or more persons held the property in common, some of whom were minors represented by their tutor, who petitioned the Court for the purpose of having the advice of a family meeting to determine whether the property should be sold at private sale and, if so, to place an appraisal thereon and to fix the terms of the sale. All of this was unquestionably done. The under tutor concurred in the recommendations of the family meeting and the judge of probates of the parish in which the minors resided homologated and approved the recommendations and authorized and directed the dative tutor to sell the property at the price and under the terms fixed by the members of the family meeting. He was also authorized to sign the act of sale in behalf of the minors. Thereafter, the money, representing the proceeds of the sale, was partitioned or divided among the parties, according to their proportionate interests; the minors' funds being placed in the registry of the court and, subsequently, in proper legal proceedings directed by the district judge to be used for the necessary support, maintenance and education of the children. Thereafter, Leonardo Fradella, wife of Mariano Frazello, received a final settlement of her share.

The parties failed only to use the word "partition." This was immaterial, since the record conclusively indicated, in every respect, that the proceedings were in fact and in law a partition. It was not necessary to classify the proceedings because, if the parties complied with all the requirements of the law of partition, the designation thereof would be a legal conclusion. Giving a proceeding a certain title or name does not give that particular legal classification—the test is, does it meet the requirements of the law on the subject?

In the case of Hand v. Harper, 171 La. 47, 129 So. 664, in passing upon a similar situation, we said (page 667):

"* * * In our view, the sole purpose of recommending the sale, as disclosed by

the proceedings, was to effect a partition, and that express mention of the purpose to effect one was inadvertently omitted by the notary from the proces verbal. This ground of attack therefore should not prevail."

See, also, Schrock v. Bolding, 171 La. 929, 132 So. 504; Margetich v. Emmons, 178 La. 159, 151 So. 65.

■ Where all the provisions of the law are fulfilled, it is unnecessary to expressly label the proceeding a partition one, in order to give it validity. For example, it has been held that it is not indispensable to allege that a plea is one of contributory negligence when the facts set up in the pleadings constitute contributory negligence. Frierson v. Shreveport Grocery Co., 3 La.App. 44.

In the record before this Court, which contains all of the records of this litigation, there is nothing to indicate that any of the parties acted in bad faith; that they made any attempt or endeavored to impose upon or defraud the minors; or that they sought to secure the property at a price below its real value. If the property had been sold at public auction for the purpose of paying debts, the sale would have been valid if it had only brought two-thirds of its appraised value. The record shows, beyond doubt, that the property was sold for its full appraised value of $2,500.00 cash. Neither Gaspar Pumilia nor Mrs. Josephine (Guiseppa) DiMatteo Fradella Pumilia were disqualified from purchasing the property direct from the minors and therefore in no way disqualified from indirectly acquiring from the minors through their vendee. We may further add that the record is barren of any indication, suggestion or evidence that the $7,000.00 loan was not, in every respect, a bona fide one.

■ While the courts will go to great length to protect minors from imposition and fraud, the sale or mortgage of their property will be upheld when the laws authorizing the same are complied with. Gumpert v. Signal, 180 La. 59, 156 So. 174.

It is our opinion that, the parties having followed all of the provisions of Act No. 25 of 1878, the sale of the minors' interest to Marco Rosamano on October 27, 1910 was valid, and that the holding of this Court in Fradella v. Pumilia et al., 177 La. 47, 147 So. 496, is erroneous, having placed too rigid and strict a construction and interpretation upon the law, contrary to the established jurisprudence, and it is therefore overruled.

Having reached the conclusion that the sale was valid, it is unnecessary to pass upon the other serious issues raised by the plaintiff.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the district court is annulled, the demands of the defendants and plaintiffs in reconvention are dismissed, and the injunction issued in their favor dissolved; defendants and plaintiffs in reconvention to pay the costs of court.

O'NIELL, C. J., does not take part.