## BELL v. CANAL BANK & TRUST CO.*
### No. 1903.

Court of Appeal of Louisiana. First Circuit. Nov. 17, 1938.

*Rehearing granted Dec. 19, 1938.

Leslie A. Fitch, of Baton Rouge, for appellant.

Borron, Owen & Borron, of Baton Rouge, for appellee.

OTT, Judge.

The plaintiff claims to be the owner of an undivided 82/392 interest in 40 arpents of land situated on the Highland Road, about nine miles below Baton Rouge, and alleges that the defendant is slandering and casting a cloud upon his undivided interest in said land by recording a deed to the whole of the tract from the Sheriff of East Baton Rouge Parish, dated May, 11, 1937, and by claiming to be the owner of the whole of said tract and as such owner advertising the tract for sale. Plaintiff alleges that he and his ancestors in title have been in the possession of the said land for sixty five years.

An exception of want of possession in the plaintiff necessary to maintain a slander of title suit was filed by the defendant and referred to the merits. On the trial and in passing on the merits, the trial judge found that the plaintiff did have sufficient possession to support the action, but dismissed the suit on the ground that the defendant had a good title to the property. Plaintiff has appealed.

In its answer, the defendant re-iterates its denial of possession in plaintiff of the property, and in the alternative, sets up ownership in itself to the whole tract through a chain of title back to the owners through whom plaintiff also claims ownership. The defendant included in its answer pleas of prescription, res adjudicata and estoppel, but in view of the conclusion here reached, we do not deem it necessary to discuss and pass on these pleas separately.

We have given consideration to the exception based on the want of possession in plaintiff, and we concur in the conclusion reached by the trial judge that plaintiff has shown sufficient possession to support his action of jactitation. Having set up title in itself, the defendant is in the position of a plaintiff in a petitory action, and therefore must rely on the strength of its own title and not the weakness of that under which the plaintiff claims to own an undivided interest in the property.

It is not disputed that in the year 1912 Pleasant Bell and the Succession of Manuel Bell, Sr., owned the 40 arpent tract involved in the suit in indivision and in the proportion of an undivided three-fourths interest to Pleasant Bell and an undivided one-fourth interest to the Succession, or heirs of Manuel Bell, Sr. The property in that year was assessed in the name of Pleasant Bell and the Succession of Manuel Bell, Sr., and the property was sold for the taxes of that year on June 11, 1913, and adjudicated to Joseph Staring. On the death of Joseph Staring, his son and only heir Dr. Houston L. Staring, was put in possession of the property by a judgment of court signed on the 20th day of October, 1921.

On December 22, 1926, in a suit by Dr. Staring, a judgment was rendered in his favor and against Gustine (Augustine) Leon, Pleasant Bell and Manuel Bell, and their heirs, confirming and quieting the tax title to said 40 arpent tract of land (described in the judgment as 40 acres). On April 20, 1927, Dr. Houston L. Staring

executed a mortgage on said 40 arpents of land, with other property, in favor of the Prudential Insurance Company to secure a note for $1,500 due April 1, 1932, which mortgage was duly recorded in the mortgage records of East Baton Rouge Parish.

Having acquired this mortgage note, the Canal Bank & Trust Company instituted foreclosure proceedings against the property on April 20, 1932. Dr. Staring having died, the foreclosure proceedings were carried on against his executors and his surviving widow. No further proceedings were had in the foreclosure until the liquidators of the bank were made parties to the proceedings in March, 1936, at which time a writ of seizure and sale was issued and the property advertised for sale thereunder.

The heirs of Manuel Bell, Sr., including the plaintiff herein, Manuel Bell, Jr., filed an intervention in the foreclosure suit in which they claimed to be the owners of ten acres of land included in the 40 arpent tract, and also claimed an undivided interest in the remainder of the tract. They alleged that the tax sale in 1913 was null and void and that they had filed a suit, which was then pending, against the executors and heirs of Dr. Houston L. Staring to set aside and annul the said tax sale, and they asked for a restraining order, a rule for a preliminary injunction and for a final judgment perpetuating the preliminary injunction, and cancelling and annulling the mortgage on which the foreclosure was based. The restraining order issued, and after hearing on the rule, a preliminary injunction issued prohibiting the Bank and the Sheriff from proceeding further with the foreclosure.

Before the suit was tried on the merits, the liquidators of the Bank filed an exception of no cause of action to the petition of intervention, and this exception was sustained and the intervention was dismissed in March, 1937. The foreclosure then proceeded and the property was sold at sheriff sale on April 24, 1937, the Bank in liquidation becoming the purchaser.

In order to keep a proper sequence of the various suits and proceedings connected with this litigation, it is proper to state here that the heirs of Manuel Bell, Sr., including the present plaintiff, had in March, 1929, filed a suit against the executors and heirs of Dr. Houston L. Staring to set aside the tax sale, already referred to, as a slander on their title. This suit was dismissed on June 9, 1936, for failure to prosecute for more than five years, and on appeal to this court, the judgment of dismissal was sustained. Bell v. Staring, 170 So. 502.

On June 12, 1936, the plaintiff in this suit having acquired the interest of most of the heirs of Manuel Bell, Sr., filed another suit against the executors and heirs of Dr. Staring claiming to be the owner of an undivided 82/392 interest in the 40 arpent tract in which suit plaintiff alleged the ownership of the said tract by Pleasant Bell and the Succession of Manuel Bell, Sr., in 1912, as heretofore stated, and averred that Joseph Staring was the agent of the heirs of Manuel Bell, Sr., and had been given the money with which to pay the part of the taxes due on the tract by the heirs of Manuel Bell, Sr., but through fraud said Joseph Staring failed to pay the taxes on the property for the year 1912, and in order to secure a title himself, he permitted the property to sell for that year's taxes, and he became the purchaser in June, 1913; that the Bell heirs did not know that the property had been sold for taxes until the year 1929; that the Bell heirs continued to pay Joseph Staring, and after his death, to pay Dr. Houston L. Staring, their proportion of taxes on said tract of land up to May, 1928, during all of which time they were led to believe that the Starings were paying the taxes on the property. The tax sale was also alleged to be null and void because of erroneous assessment, misdescription and for failure to give notice of delinquency.

A judgment was rendered in this latter suit in June, 1937, in favor of Manuel Bell, Jr., and against the executors and heirs of Dr. Houston L. Staring, annulling the tax sale on the ground that the tax purchaser, Joseph Staring, had practiced a fraud on the heirs of Bell, Sr., in accepting the money with which to pay the taxes and then buying in the property at tax sale for himself.

■ Neither the Canal Bank nor the Prudential Insurance Company was made a party to either of these suits to annul the tax sale, nor is it claimed that either had any knowledge of the alleged fraud practiced on the Bell heirs by Joseph Staring. It is not claimed that either the Bank or the insurance company had any knowledge of any defects in the tax title or in the proceedings taken to confirm this

title, other than what might appear from the public records of the parish. While the validity of the Bank's title must depend on the validity of the tax title by which the interest of the Bell heirs was divested, and the validity of the mortgage and sheriff's deed made in the foreclosure, yet the validity of these different species of alienation of the property must be determined, as to those claiming through them, by the public records of which they were charged with notice.

■ Obviously, if the Starings who acquired title to the property through the tax sale were guilty of fraud in misleading the Bell heirs into believing that the taxes were being paid when, as a matter of fact, such was not the case, a third person acquiring the property on the faith of the public records could not be affected by these secret equities of the Bell heirs against the Starings. Vestal v. Producers' Oil Company et al., 135 La. 984, 66 So. 334. The rights of the Prudential Insurance Company as mortgagee came into existence in 1927, and at that time the title to the property stood on the public records in the name of the mortgagor, Houston L. Staring, and the rights of the mortgagee and those claiming under that mortgage must be determined from the situation as it existed when those rights first came into existence, and as the public records disclosed the condition of the title. The title under which the defendant bank is claiming in this suit is a result of and arises from that mortgage. From a legal standpoint, the situation of the defendant bank is no different from what it would have been had Dr. Houston L. Staring conveyed the land to the insurance company by regular deed in 1927, and the insurance company had in turn conveyed the property to the defendant bank in 1937.

■ It follows that the judgment in the suit of this plaintiff against the executors and heirs of Dr. Staring annulling the tax sale, already referred to, can have no effect on the rights of the insurance company and the defendant bank as they were not made parties to that suit. As to them, the judgment is res inter alios acta. Foutelet et al. v. Murrell, 9 La. 291; Lacassagne v. Abraham, 48 La.Ann. 1160, 20 So. 672; Rauschkolb v. Di Matteo, 190 La. 7, 181 So. 555. It is true, in a petitory action, the defendant in possession can take advantage of any defects in the chain of title by which the claimant out of possession claims to be the owner, however, these defects must either appear on the records or else the facts and circumstances must show knowledge or bad faith on the part of the one asserting the title.

■ As the purchaser of property at sheriff sale in the foreclosure of a mortgage, in the absence of fraud or bad faith, stands in the same position as did the original mortgagee when he took the mortgage, in good faith and on the face of the records, sufficient defects must appear on the face of the record as the record existed when the mortgage was given to justify the plaintiff in annulling the tax deed which he claims is a slander on his title. Jefferson v. Childers et al., 189 La. 46, 179 So. 30.

In this suit the plaintiff has neither alleged nor proved as against this defendant, the purchaser at sheriff sale, any defects on the face of the public records in the title to the property at the time it was mortgaged to the original mortgagee. Indeed, the plaintiff does not ask in this suit against this defendant for an annullment of the tax deed, the judgment confirming the same, nor the mortgage on which the title claimed to be a slander is based.

■ The recitations in a tax deed and proces verbal of the sale relative to notice, advertisement and other formalities are presumed to be correct and make prima facie proof until proved otherwise by proper allegations and proof. Likewise, a judgment appearing on the public records confirming a tax title is presumed to be regular and valid until and unless shown to be invalid by a direct action showing wherein the judgment is defective. If such a judgment is claimed to be ineffective because of want of citation or fraud in its procurement, it is incumbent on the person attacking the validity of the judgment to make proper allegations and proof of such defects in a direct action. Federal Land Bank of N. O. v. Scallan, 179 La. 636, 154 So. 632; Hamburger, Jr., et al. v. Purcell, 139 La. 456, 71 So. 765.

For the reasons assigned, the judgment appealed from is hereby affirmed.