## No. 11,016.

MRS. M. D. RYAN VS. LOUISVILLE, NEW ORLEANS & TEXAS RAILWAY COMPANY.

1.   Courts and text writers are divided as to where lies the burden of proof on the question of contributory negligence, but all agree that, if plaintiff's own evidence establishes or strongly suggests his own contributory negligence, that bars recovery, no matter where the burden rests, unless he shall remove or explain away the adverse presumption thus created.

2.   In this case the evidence of plaintiff's own witnesses fully establishes that the injury sued for was caused by the carelessness and negligence of the party injured, without proof of even concurring fault in defendant.

APPEAL from the Twenty-sixth District Court, Parish of Jefferson. *Rost, J.*

*Rouse & Grant* for Plaintiff and Appellee:

1.   A special plea waives the general issue. Hawkins vs. N. O. P. & P. Co., 29 An. 136; Lesseps vs. Wicks, 12 An. 739; Bomar vs. L. N. & S. R. Co., 42 An. 983.

2.   Contributory negligence is always a matter of defence, and the burden of proving it is upon the defendant. Inland, etc., Co. vs. Tolson,[139 U. S. R 551; Ind. & St. L. R. R. Co. vs. Horst, 93 U. S. R. 291; Railroad Co. vs. Gladmore, 15 Wall. 401; Georgia Pac. Ry. Co. vs. Davis, 9 So. Rep. 255.

3.   A man should not be held responsible for statements made while suffering from the shock and pain of fatal injuries. Inland, etc., Co. vs. Tolson, 139 U. S. R. 551.

4.   The conductor of a railway train is not a fellow servant of the engineer, fireman or brakeman, and the master is liable to them for injuries sustained in consequence of his neglect. Chicago & Milwaukee R. R. Co. vs. Ross, 112 U. S. 377; Town vs. R. R. Co., 37 An. 632; Gilmore vs. N. Pac. Ry. Co., 18 Fed. R. 866.

Ryan vs. Railway Co.

5. It was gross neglect of duty to permit the fireman to operate the locomotive. L. N. R. R. Co. vs. Moore, 83 Ky. 675; Peyton vs. Railway Co., 41 An. 863.
6. The master has no right to expose the servant to perils against which he may be guarded by proper diligence. Hough vs. Railway Co., 100 U. S. R. 217; 7 Am. and Eng. Ency. of Law, 845; E. & T. H. R. Co. vs. Guyton, 33 Am. and Eng. R. R. Cases, 311; Harper vs. I. & St. L. R. Co., 4 An. Rep. 352.
7. Co-operation of a fellow servant in the negligence of the master does not relieve the master from responsibility. Town vs. Railroad Co., 37 An. 632; Tutrix vs. Sellers & Co., 39 An. 1011; G. T. Ry. Co. vs. Cummings, 106 U. S. R. 701.

*Farrar, Jonas & Kruttschnitt* for Defendant and Appellant:

1. Plaintiff's husband was killed entirely by his own fault and negligence, while coupling a freight train.
2. If there was any negligence, it was that of the fireman, or of the fireman and engineer, who were decedent's fellow servants. See Conflict of Judicial Decisions, p. 322; Hobbs vs. Atlantic & North Carolina Railroad Company, 44 Am. and Eng. R. R. Cases, p. 592, and notes.
3. The court below erred in charging the jury that the burden of proof to prove contributory negligence was on the defendant.

The opinion of the court was delivered by

FENNER, J. The petition alleges (in substance) that Matthew D. Ryan was employed as brakeman on one of the defendant's freight trains, and, on January 10, 1891, while coupling cars, was knocked down and run over by the train which was being backed down to be coupled. His leg was cut off, and he was otherwise badly hurt, and two days afterward died from his injuries. At the time of the accident, the engineer in charge of defendant's locomotive was not upon his engine, and it was being operated by the fireman. The plaintiff is the widow of the said Ryan, and sues in her own behalf, as well as in behalf of her two minor children, issue of her marriage with said Ryan, for the recovery of the damages which she and they suffered from his death, as well as the damages he suffered from his injuries, the action for which survived to said minors. The accident which caused said Ryan's injuries and death is alleged to have been due to the gross fault and negligence of the defendant, he being without fault on his part.

The negligence and fault alleged is that of the conductor in ordering the fireman to do the switching in the absence of the engineer; said fireman being incompetent to handle the engine, and such incompetency being the immediate cause of Ryan's injuries and death. (R., p. 1, *et seq.*)

The defendant's answer is a general denial, followed by two special pleas, viz.: "Defendant, further answering, denies that the death of said Ryan was in any manner due to negligence, carelessness and want of skill on the part of defendant *or any of its employees*.

"And defendant, further answering, says that the death of said Ryan was due *entirely to his own carelessness and negligence*." (R., p. 7).

There was a verdict and judgment for the plaintiff for $6000, and defendant appealed.

Obviously, under these pleadings, the issues presented are three, viz.: (1) Whether the injury of Ryan was caused by the fault of defendant; or (2) whether it was caused solely by his own fault; or (3) whether it was caused by the joint fault of both.

Under the facts of this case we need not discuss the question as to where lies the burden of proof under the plea of contributory negligence. On this question there exists a wide divergence of opinion among courts and text writers. Cooley on Torts, p. 673; Pierce on Railroads, — 320; Bishop Non-Cont. Law, Sec. 470; Beach on Cont. Neg., p. 432, Sec. 157; Wharton on Neg., Sec. 427; 4 Am. and Eng. Ency. of Law, p. 92.

The facts of the case are peculiar.

No one saw Ryan at the moment when the accident occurred, and no one was able to state, of his own knowledge, how it happened. The only evidence on that point consists of statements made by Ryan himself immediately after the accident, and proved by plaintiff's own witnesses.

These statements, as proved by three witnesses put on the stand by plaintiff, were to the effect that, as the train backed to make the coupling, he stepped in between the cars, holding the coupling pin in position to make it, when he accidentally dropped the pin; that the train was backing so slowly that he thought he could pick it up in time; that he stooped for that purpose, and, as he did so, his overcoat was caught by the wheel of the approaching train, which dragged him down and caused the injury.

This evidence is contradicted by no witness, and does not necessarily conflict with any subsequent statement made by Ryan himself. The only subsequent statement made by him on the subject was the bald and unexplained one that "Myers (referring to the fireman who handles the engine) did him up," which might be the simple statement of a fact without necessarily attributing blame.

The evidence suggests no other plausible theory on which the accident can be accounted for. It is proved that the cars, tracks and coupling appliances were all in good order and condition, and the train was properly and prudently handled in making the coupling. It is true that the engine was in charge of the fireman, owing to the fact that the engineer was called to the station telegraph office to receive his orders, which he is required by the rules of the company, and of railroad companies generally, to receive and receipt for in person. But the evidence shows that in railroad service the position of fireman is a post of preparation for the duties of an engineer; that Myers had occupied the place for a considerable period; that he had had experience in the handling of engines; that he was competent for such service, and stood in rank for speedy promotion to the position of engineer.

Moreover, it does not appear that he committed the slightest fault in the handling of the train on this occasion. It is true one witness, when asked at what rate of speed the cars were moving, answered, "I suppose four or five miles an hour, perhaps less;" but this statement can not refer to the speed at the moment of reaching the coupling point, because it would be in conflict with all the other evidence in the case, which shows that the movement was slow and the cars did not strike hard in meeting.

This statement of the evidence decides the case and leaves room for no comment beyond the expression of surprise that we should be called upon, on such facts, to reverse a verdict and judgment against the defendant, which seems to us to have established both the special averments of its answer that the death of Ryan was not caused by any fault of its own or of its employees, and that it was "due entirely to his own carelessness and negligence."

It is therefore adjudged and decreed that the verdict and judgment appealed from be annulled and set aside, and that there be judgment in favor of defendant, and rejecting the demand of plaintiff at her cost in both courts.