## BADEN v. GLOBE INDEMNITY CO.
### No. 4421.

Court of Appeal of Louisiana. Second Circuit.
March 31, 1933.

Phanor Breazeale, of Natchitoches, for appellant.

Stephens & Gahagan, of Natchitoches, for appellee.

TALIAFERRO, Judge.

The facts and the pleadings in this case are fully discussed and reviewed in the majority opinion of this court and in the dissenting opinion of Judge Palmer, reported in 145 So. 53, 57.

This court, as then constituted, held that contributory negligence on part of plaintiff's deceased husband was not made an issue in the case by the pleadings, and that the testimony of witnesses to the effect that deceased was driving his car at moment of collision with the Johnson car too far to his left side, admitted without objection, did not enlarge the pleadings so as to present the issue of contributory negligence, as this testimony was admissible under other issues definitely raised by the pleadings. Our former opinion also holds that the evidence shows that the Johnson car was being operated at time of the collision without headlights burning, which was negligence, and caused the accident, and that the collision took place near the center of the road.

Further consideration of the case has led us to the conclusion that the admitted testimony which establishes contributory negligence on part of Baden, clearly admissible under a special plea of contributory negligence, did have the effect of enlarging the pleadings and supplying the issue of contributory negligence, omitted by defendant's answer. We have also reached the conclusion that defective or ineffective lights on the Johnson car, or absence of lights entirely therefrom, was not the proximate cause of the collision, but that the negligence of deceased himself in driving his car in the center of the road, or on his left hand side, was the proximate cause of the collision.

With regard to the correlative duties of the operators of both cars, the following observations may be made: If the lights of both cars were burning brightly immediately prior to and at time of accident, the operator of the one could and should have seen the other at considerable distance, as they approached each other. If the lights of one were burning and those of the other were not, in such case, there is no good reason why the operator of the one without lights could not have seen the car with lights at a distance and time within which a collision would and could have been averted, if either was in whole or in part on the wrong side of the road. If Baden observed, or, by exercise of reasonable care, could have observed, the Johnson car 50 feet ahead of him, as one of his companions did, there seems no valid reason why his car could not have been brought under such control then and there as to have avoided the accident, even if the Johnson car was not entirely on its proper side of the highway, and especially could this have been done if the left wheels of the Baden car were following the black (middle) line in the road, as testified to by one of Baden's companions. If the Baden car had bright lights, as contended by plaintiff, and he had been keeping a proper lookout ahead, as was his duty, we cannot understand why he could not have seen the Johnson car, whether its lights were burning or not, in time to have averted the collision. The purpose of equipping cars with bright headlights is to enable the operator to observe conditions in the road ahead. The rule is well established that it is negligence to operate a car at such rapid rate of speed that it cannot be stopped within the distance clearly illuminated by its headlights.

The record leaves no doubt in our minds that one of two things is certain: Neither car had lights burning, or, if either or both cars had such lights burning, both operators were equally grossly negligent in not observing closely the road ahead and in not keeping a strict watch for cars or other objects that would be hazardous to traffic.

Plaintiff asserts that the evidence of physical damage done to the Baden car by

the Johnson car argues in favor of her contention that the former was run into and rammed by the latter. The evidence discloses that the left headlight, left fender, and left front wheel of both cars were badly damaged. These wheels were knocked under the left front part of the cars. It also appears that there was violent contact of two left-hand uprights (at left end of windshield) that support the tops of the cars. The left door of the Baden car was mashed in, and the left running board was almost severed. The location of the damage to each car definitely discloses that there was no head-on collision between them, but does show that the Johnson car struck the Baden car at an angle. It indicates unmistakably that the Johnson car had left its side of the highway and rammed the Baden car at an angle, or that the Baden car, being on its wrong side of the road, was attempting to regain its proper side of the highway in face of the approaching Johnson car and was rammed by it in the effort to do so. The latter is a much more reasonable hypothesis than the former. A motorist is more likely to leave a position of danger and seek one of safety than to leave a position of safety and expose himself to danger.

The elements of negligence charged to Mr. Johnson are three: (1) Driving his car at night without lights; (2) at a high rate of speed; and (3) being on the wrong side of the road. This is specifically denied by defendant, and, in addition, defendant alleges that Johnson was blameless in every particular, and that the collision "was caused by the gross negligence and illegal acts of deceased, or other persons in his car."

The evidence shows that both cars were moving at the rate of around 35 miles per hour, which is clearly not an unreasonable speed with lights, but an unreasonable rate without lights. The evidence, in our opinion, preponderates in favor of the contention that the Johnson car was on its proper side of the road, and that the Baden car was at least partly on Johnson's side of the road.

In view of these conditions, the rate of speed of the Johnson car and the absence of lights therefrom, or inefficient lights thereon, cease to be of primary importance to a correct determination of the question of responsibility for the accident, for certainly there would have been no collision, notwithstanding the negligence on part of Johnson, had the Baden car, equipped with bright lights, maintained its side of the highway. The efficient and proximate cause of the accident was the contributing negligence of Baden in failing to observe his own duty at the time.

We could rest our decision upon the elemental proposition that plaintiff, who carried the burden of proof, has failed to establish her cause by a preponderance of the evidence.

We do not deem further discussion of the facts of the case needful to a correct understanding of it, as these are fully covered in our original opinion and in the dissenting opinion of Judge Palmer. After a very thorough study and reconsideration of the testimony and pleadings, we have reached conclusions different to those expressed by the majority opinion heretofore rendered. We quote the following from the dissenting opinion of Judge Palmer, which we now affirm:

"Since plaintiff has voluntarily proved by her witnesses a state of facts that shows contributory negligence on the part of her deceased husband, and which evidence not only was not necessary under her pleadings, but is contrary thereto, I think she has thereby extended the pleadings so as to inject into the case the issue of contributory negligence, and in addition, she has proven that defense, so that defendant is relieved from any liability in this case.

"But even if the foregoing conclusions are incorrect, I am still of the opinion that the judgment of the lower court should be reversed because plaintiff failed to discharge the burden of proof resting upon her. In making this statement I am conscious of the well-recognized rule that the findings of fact by the lower court will not be disturbed on appeal, unless manifestly erroneous. But as I appreciate the evidence, that manifest error exists in this case."

Defendant's counsel in oral argument concedes the right of plaintiff to maintain a direct action against defendant without first alleging and proving the insolvency of Mr. Johnson, the insured. This question was settled by us in the recent case of Rambin et al. v. Southern Sales Company, Inc., et al., 145 So. 46, wherein it was held that under Act No. 55 of 1930 such an action would properly lie. The Supreme Court, passing on application for writ of review in that case, stated that our interpretation of the statute in this respect was correct.

For the reasons herein assigned, the judgment appealed from is annulled, avoided, and reversed, and plaintiff's demand is hereby rejected, and her suit dismissed at her cost.