Mrs. Otto R. Meyer is the owner of a Dodge sedan automobile which, on February 18th, 1940, was badly damaged in a collision at the corner of General Pershing and Coliseum Streets. The other automobile involved was a Nash sedan owned and driven by Charles Rein.
Under the traffic regulations of the city, vehicles are permitted to be operated both ways on both streets and both streets are hard-surfaced.
The accident occurred at about 8 o'clock on a rainy morning. Mrs. Meyer's car was being operated by her daughter, Mrs. Odile M. Fagan, who resided with her mother. Mrs. Fagan was using her mother's car to take her own daughter to school and to go to the highschool in which she was a teacher, and it was customary for her to use her mother's car for this and other purposes.
The Dodge of Mrs. Meyer was going out General Pershing Street towards the Mississippi River and with Mrs. Fagan in the car was her daughter, Miss Doris Fagan. Rein, in his car, was on his way down Coliseum Street. With him were his daughter, Miss Naomi Rein and Miss Gertrude Lawes.
Mrs. Meyer claims that the collision resulted solely from the negligence of Rein and that therefore he is liable to her for the amount paid for repairing her car. Rein denies that he was negligent in any way and asserts that the accident was caused solely by the negligence of Mrs. Fagan. He did not plead contributory negligence on the part of Mrs. Fagan, maintaining, as we have already said, that there was no negligence whatever on his part, and that the sole and only cause of the accident was the negligence of Mrs. Fagan.
Rein, assuming the position of plaintiff in reconvention, prays for judgment against Mrs. Meyer and her liability insurance carrier, New Amsterdam Casualty Company, for $1,234.98 for damages to his car, and for physical injuries which he says he sustained.
In a supplemental and amended petition, Mrs. Meyer avers that American Indemnity Company of Dallas, Texas, is the liability insurance carrier of Rein, and she prays that for the amount originally claimed there be solidary judgment against Rein and the said Indemnity Company. *Page 71 
To the reconventional demand of Rein, Mrs. Meyer filed an exception of no cause of action based on the contention that in using Mrs. Meyer's car, Mrs. Fagan was merely the bailee of the car and not the agent of the owner, and that therefore, the said owner cannot be held liable even if it should appear that the accident was caused by the negligence of Mrs. Fagan. This exception was maintained and judgment was rendered dismissing the reconventional demand of Rein.
On the remaining issues the case was then tried and judgment was rendered in favor of both defendants, Rein and American Indemnity Company, dismissing plaintiff's suit. She has appealed.
Rein did not appeal from the judgment dismissing the reconventional demand nor has he answered the appeal. Therefore we are not now in any way concerned with that reconventional demand.
The charges of negligence made by Mrs. Meyer are that Rein operated his car at too high a rate of speed "in excess of 40 miles per hour" and that this was negligence "particularly" in view of the fact that "a heavy rain was falling and both thoroughfares were slippery"; that Rein failed to keep a proper lookout for traffic on General Pershing Street, and that he failed to keep his car under control, and did not accord to plaintiff's car the right of way to which it was entitled under the City Traffic Ordinance by reason of the fact that it — the Meyer car — had already entered and preempted the intersection. In connection with this last charge plaintiff calls attention to the first sentence of Art. 5, Sec. 15 (a) of the City Traffic Ordinance No. 13702, reading as follows:
"The operator of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection. * * *"
Rein, on the other hand, avers that Mrs. Fagan's negligence consisted of the following: That she drove the automobile at an excessive rate of speed, disregarding the fact that a heavy rain was falling and that the streets were slippery; that she failed to accord the right of way to the defendant's automobile which was approaching the intersection from her right; that she carelessly drove into defendant's car after it had entered the intersection.
The testimony of the two groups of witnesses, those on behalf of plaintiff and those on behalf of defendant, cannot be reconciled. Those who occupied plaintiff's car say that it approached the intersection slowly and that to their right there was nothing to obstruct the view. Mrs. Fagan says that she looked to her right and saw no car approaching on Coliseum Street, that she continued on her course and that when she reached a point, about twenty feet from the intersection, she saw the Rein car "way down near the middle of the block", and that she was so close to the corner that she "went on over"; that when she was "almost across" her daughter screamed "watch out!" and the other car, going at a great speed, hit the car she was driving, knocking it across General Pershing Street and turning it over.
Rein likewise says that there was nothing to obstruct the view of the two drivers as the cars approached the ultimate meeting point, and he and his witnesses insist that their car was going very slowly, and that Mrs. Fagan approached at a terrific speed. On his behalf it is maintained that his car was entitled to the right of way by reason of the second sentence of the paragraph in the Traffic Ordinance from which we have already quoted, which said sentence reads as follows:
"When two vehicles, enter an intersection at the same time the driver of the vehicle on the left shall yield to the driver on the right."
He says that as soon as he realized that Mrs. Fagan was not going to give him the right of way he stopped his car with its front end only about five feet in the intersection, but that Mrs. Fagan, instead of continuing straight ahead or instead of swerving a little to her left to avoid him, "made a curve towards Napoleon Avenue (to her right) and ran into the side of my car."
After the impact plaintiff's car turned over near the lower, river corner, and Rein's car stopped very near to the center of the intersection.
From the photographs of the two cars, it clearly appears that the damage to the Dodge of plaintiff was sustained almost entirely on its right side near the rear of the front door, and that the front was not harmed in any way; the headlights were not broken. The damage to the Nash of Rein was limited to its left front. From these physical facts we can reach no other conclusion than that the Nash, Rein's car, struck the Dodge of plaintiff after the latter was in the intersection and that the *Page 72 
Nash at the time was not stopped as Rein says but was proceeding forward.
On the other hand, the comparatively slight damage sustained by the side of the Dodge at the point of impact makes it difficult to believe that the blow was sufficient to turn that car over — so that the Dodge must have been proceeding at more than 12 miles per hour, as Mrs. Fagan claims, when the two cars met for, since the blow itself was not sufficient to turn it over, that result must have been brought about by its speed and by the attempt of its operator to swerve it from the path of the oncoming Nash. From this we can reach no other conclusion than that the Dodge approached and entered the intersection at a rather high speed and that if Rein had been on the alert he would have realized that it would have been the height of folly to drive his car into the intersection, when the other vehicle, being driven at a high speed, was about to enter it.
We think that it is clear that there was negligence on the part of both drivers. What then is the legal effect on the claim of Mrs. Meyer? Her counsel points to the well-settled rule that the claim of a bailor for damages sustained by property of the bailor caused by a joint tort-feasor cannot be defeated by the fact that the bailee was also at fault and he argues that Mrs. Meyer's claim against Rein for the damage to which his negligence contributed cannot be defeated by a showing that her daughter, Mrs. Fagan, was also negligent. Sewell v. Newton et al., La.App., 152 So. 389, 391, is relied upon by plaintiff as authority for this doctrine. There we considered a claim by a motorcar company against a joint tort-feasor for damage sustained by a car of the motor company where it appeared that the car had been turned over to a prospective purchaser for trial and was damaged in a collision caused by the joint negligence of the chauffeur of the prospective purchaser and the other tort-feasor. We held that the motor company's right to recover from the other tort-feasor was not adversely affected by the fact that the negligence of the bailee's chauffeur was a contributing cause of the accident. We said:
"James was the employee of Newton. The Cadillac Motor Car Company had loaned the LaSalle to Newton so that he might try it out to determine whether he desired to purchase it. At the time of the accident, it was being driven on an errand for Newton, and the Cadillac Motor Car Company had no control over James or over the car. It is now well settled that under such circumstances the negligence of the bailee or of the bailee's servant will not bar recovery by the owner for damage caused by the negligence of a third person, even if there is contributing negligence on the part of the driver of the bailed automobile."
The same principal was followed in U-Drive-It-Car Co. v. Texas Pipe Line Co., 14 La.App. 524, 129 So. 565. We are not at all certain that it would be proper to apply that doctrine here if it were necessary to do so. Here the bailor was the mother of the bailee. They lived together and it was customary for the mother to allow her daughter to use the automobile for domestic purposes. We would have difficulty in concluding that under these facts the negligence of the daughter should not operate as a bar to her mother's claim. But under the pleadings which we find in the record, we are not permitted to consider that defense which could have been raised only by a plea of contributory negligence. There is no such plea in this record.
True enough, Rein charges Mrs. Fagan with negligence in many particulars, but he does not aver that this negligence on her part constituted contributory negligence. He charges that her faults were the sole and proximate cause of the accident, and that he, himself, was entirely without fault. In Althans v. Toye Bros. Yellow Cab Co. et al., 191 So. 717, 725, we discussed at length the effect of such a plea and showed, we think, that it is well settled that if contributory negligence is to be relied on, it is not sufficient to aver the negligence of the plaintiff to be the sole cause of the accident. We can add nothing to what we said in that case — there we clearly held that under pleadings such as are presented here, the issue of contributory negligence is not raised.
That the evidence showing negligence on the part of Mrs. Fagan was admitted without objection does not alter the situation and it cannot be said that by that evidence the pleadings were enlarged because as we also said in the Althans case, the rule that pleadings may be enlarged by evidence which is introduced without objection has no application where the evidence is admissible in support of some issue *Page 73 
which is raised in the pleadings. On that question we quote at length from the opinion in that case:
"Counsel for defendant further asserts that the evidence, to which he points as showing contributory negligence on the part of plaintiff, was admitted at the trial without objection and therefore the pleadings have been enlarged so as to present that issue as a defense. It is, of course, axiomatic in our jurisprudence that evidence concerning issues not raised in the pleadings, when received without objection, has the effect of enlarging the pleadings so as to include its consideration as an issue in the case. See Sistrunk v. Audubon Park Natatorium, La.App., 164 So. 667, and cases there cited. But it is likewise well settled, as pointed out in the Sistrunk case, that, if such evidence was admissible under and in support of other allegations presented by the pleadings, it may not be said to have had the effect of introducing new issues because the opposing counsel could not have successfully objected to its reception at the time it was tendered. In Choppin et al. v. Dauphin, 112 La. 103, 128, 36 So. 287, 296, the Supreme Court said:
"`If the evidence was admissible under the pleadings, its admission without objection clearly could not have the effect of enlarging the pleadings.'
"In the case at bar, we find that the evidence, relied upon by defendant as proof of contributory negligence, was clearly admissible under the issue tendered by the defendant's answer. As we have above stated, the defendant, in addition to denying its negligence, filed an affirmative defense in which it set forth with particularity that the accident was caused solely as the result of plaintiff's negligence. At the trial of the case, defendant produced many witnesses in support of its contention. Surely, it cannot be said that counsel for the plaintiff could have successfully resisted the admission of this evidence. And, by the same token, the plaintiff had the right to submit testimony to disprove defendant's theory of the case without subjecting himself to the penalty of having the issue broadened. All such evidence was received in response to the pleadings and did not have the effect of enlarging them so as to tender the defense of contributory negligence."
We find here, as we found there, "* * * that the evidence, relied upon by defendant as proof of contributory negligence, was clearly admissible" under the issue of whether or not the negligence of the driver of plaintiff's car was the sole cause of the accident, and that therefore the introduction of that evidence did not enlarge the pleadings to the extent of raising the issue of contributory negligence.
Because of the absence of such a plea, the contributory negligence of Mrs. Fagan, if there was such negligence, cannot be relied upon to defeat the claim of Mrs. Meyer and it is therefore not necessary for us to determine whether, if there had been such a plea, any negligence of Mrs. Fagan would have served as a bar to the claim of Mrs. Meyer.
The record shows that the amount claimed by plaintiff was actually paid by her for repairing the damage sustained by her car in the collision in question.
Because of the views which we have expressed, it follows that the judgment must be reversed and that plaintiff must recover the amount claimed.
It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and that there now be judgment in favor of plaintiff, Mrs. Otto R. Meyer and against Charles Rein and the American Indemnity Company of Dallas, Texas, in the full sum of $177.35 with legal interest from judicial demand, and for all costs.
Reversed.