At about twelve o'clock noon on November 2d 1944, at the intersection of South Derbigny Street and Cleveland Avenue in New Orleans, there was a collision between a Buick Coupe, owned and driven by plaintiff, Milburn J. Nezat, and a truck owned by General Outdoor Advertising Company and driven by William Dickenson, an employee of that company who, admittedly, at the time was acting within the course and scope of his employment.
The plaintiff was driving down South Derbigny Street towards Canal Street and *Page 483 
the truck of the General Outdoor Advertising Company was on its way out Cleveland Avenue, which is a one-way street, vehicles being permitted to operate only in the direction in which the truck was going. In the Buick were plaintiff and three or four other persons (there is some conflict in the record on this point) and in the truck were Dickenson, the driver, an assistant and one other passenger. The Buick was rather badly damaged and Nezat brought this suit against General Outdoor Advertising Company and Continental Casualty Company, alleging the latter corporation to be the liability insurance carrier of the former. He prayed for judgment of $225.00, $200.00 thereof alleged to be the cost of repairing damages to the automobile and $25.00 the value of a tire and tube which he avers to have been so badly damaged that it could not be used again.
Plaintiff alleged that the negligence of the driver of the truck was the cause of the accident and that that negligence consisted of the following:
That the driver of the said truck failed to have the truck under control; that he operated it at a speed in excess of that permitted by the pertinent City Ordinance No. 13,702; that he failed to keep a proper lookout for other automobiles, and that he permitted the truck to run into petitioner's car in spite of the fact that that car had preempted the intersection.
Defendants deny all negligence on the part of the driver of the truck and aver that the accident was caused solely by the negligence of Nezat himself.
There was judgment in the First City Court in favor of plaintiff and against both defendants for $225.00 and defendants have appealed.
[1] The Buick of plaintiff was a two-door coupe, having only one door on each side. It was struck by the truck on its right side just at the door. Plaintiff testified that, as he approached the intersection, he brought his car practically to a stop and that he looked into the intersection and saw no vehicle approaching; that he entered slowly and that when he was beyond the center the truck came into the intersection suddenly and at a high speed, and crashed into the side of his car. He is corroborated by the testimony of Mr. Maxime Allain, who says that as Nezat's car reached the intersection, it was slowed down practically to a stop and that it was about two-thirds of the way across Cleveland Avenue when it was struck by the truck.
The driver of the truck, on the other hand, says that as the truck approached the intersection, it was moving at a speed of about eighteen miles per hour; that he did not see any other automobile near or in the intersection until one of the persons in the truck called to him and that then he noticed the Buick automobile for the first time. His statement is as follows:
"I was coming down Cleveland Avenue towards the lake and I looked to my left and didn't see any automobiles coming, and I looked to the right and I had my head turned when Alfred Schlumbrect hollered, 'Look out' and I applied my brakes, and I hit this gentleman's (Mr. Nezat's) automobile."
We are well convinced from the record that the driver of the truck was at fault. Had he exercised proper care on entering the intersection, there is no doubt he would have seen the Buick which had already entered. This makes it necessary that we investigate the question of whether defendants have properly pleaded contributory negligence on the part of the plaintiff. They concede that the answer does not set forth clearly and unequivocally an alternative plea of contributory negligence, but maintain that, because of the way in which the answer is drawn, it is obvious that it must be interpreted as containing such an alternative plea. This argument of counsel is based on paragraphs VIII and IX of the answer. These paragraphs read as follows:
"VIII. Further answering plaintiff's petition defendants allege that the aforesaid accident was due solely to the fault and negligence of plaintiff, and, among other things, to plaintiff's violation of City Ordinance 13702 CCS, as adopted by the City of New Orleans."
"IX. Defendants further allege that plaintiff was negligent in failing to slow down at a 'slow' street; in failing to have his car under proper control; in failing to give the driver of the General Outdoor Advertising Company's truck the right of way; in driving with a restricted field of vision; in operating his car at an excessive rate of speed; in failing to keep a proper lookout for other vehicles on the highway; and in failing to see what he should have seen." *Page 484 
[2, 3] Counsel argues that, since in paragraph VIII it was averred that the accident was due solely to the fault and negligence of plaintiff, paragraph IX must be construed as an alternative plea and that this alternative plea must be construed as a plea of contributory negligence. It is argued that, since, in the first paragraph they charge that plaintiff's negligence was the sole cause of the accident, when they followed this charge with the further one that he was negligent in certain particulars, this second charge must be considered as having been made in the alternative.
We cannot so interpret the answer. It is very obvious to us that this answer contains no plea of contributory negligence and certainly no plea in the alternative. In the absence of such a plea, it is well settled that the contributory negligence of the plaintiff, if there was such negligence, cannot be considered. We so held in Althans v. Toye Brothers, 191 So. 717, and in Meyer v. Rein, 18 So.2d 69. In the Althans case [191 So. 724], we said:
"As a matter of fact, the only mode by which a plea of contributory negligence can be urged with any degree of consistency, in cases where the defendant primarily contends that he was free from fault, is by special alternative averments. And, while it is not usually imperative for a pleader to label his charges and defenses, it is difficult to conceive of a case where, in order to clearly state the defense, it would not be imperative (at least by inference) to concede negligence and charge that the plaintiff was also guilty of fault which had causal connection with and contributed to the accident."
In the Meyer case [18 So.2d 72], appears the following:
"True enough, Rein charges Mrs. Fagan with negligence in many particulars, but he does not aver that this negligence on her part constituted contributory negligence. He charges that her faults were the sole and proximate cause of the accident, and that he, himself, was entirely without fault. In Althans v. Toye Bros. Yellow Cab Co. et al., La. App., 191 So. 717, 725, we discussed at length the effect of such a plea and showed, we think, that it is well settled that if contributory negligence is to be relied on, it is not sufficient to aver the negligence of the plaintiff to be the sole cause of the accident. We can add nothing to what we said in that case — there we clearly held that under pleadings such as are presented here, the issue of contributory negligence is not raised."
[4] Counsel for defendants maintain that the pleadings were broadened by the introduction of evidence which was not objected to and it is very true that there is a well established rule that where evidence which might not be admissible under the pleadings is permitted to go into the record without objection, the pleadings are broadened and extended thereby.
[5] But that rule has no application where the evidence which has found its way into the record is admissible on some other phase of the case or under the pleadings which are in the record. We discussed this question, too, in the Althans case and we think showed the distinction between a case such as that in which the evidence was admissible under the pleadings and the case where the evidence which was admitted without objection would have been excluded had it been objected to. Such a case is Baden v. Globe Indemnity Co., La. App., 146 So. 784.
[6] In the case at bar the evidence, which counsel for defendants claim broadened the pleadings, was certainly admissible under the plea of the defendants that the sole and only cause of the accident was the negligence of plaintiff himself. Under that plea there certainly was admissible the evidence of plaintiff as to what he had done as he approached and as he entered the intersection. And since that evidence was admissible under that plea of the defendants, defendants cannot now be heard to say that, since plaintiff himself testified as to his actions as he entered the intersection, his testimony broadened the pleadings and permitted us to consider whether or not he was himself guilty of contributory negligence.
Our conclusion is that the plea of contributory negligence does not appear in the record; that the pleadings were not broadened by the testimony of Nezat as to the occurrence of the accident; and that, therefore, the sole issue in the case is whether or not the driver of the truck was guilty of negligence that had causal connection with the accident. We think that he was guilty of such negligence.
Consequently, the judgment appealed from is affirmed at cost of defendants.
Affirmed. *Page 485