This is a suit in which plaintiff seeks to recover damages suffered by his automobile in a collision with defendant's car, whch accident took place on old highway 80, Bossier Parish, on or about the 10th day of July, 1945.
Plaintiff alleged that while traveling west on the highway, defendant, who was proceeding in an opposite direction, suddenly pulled his automobile across the center line of the highway, striking plaintiff's automobile and causing damage for which recovery is sought in this suit. Defendant denied plaintiff's material allegations of fact, claimed that he had come to a complete stop prior to beginning his crossing of the highway, and alleged that plaintiff turned into his car and caused damages thereto for recovery of which the defendant makes reconventional demand.
At the time of the accident, the automobiles involved were driven by plaintiff and defendant respectively.
Plaintiff further alleged in his petition that defendant admitted his fault and agreed to pay the cost of repairs to plaintiff's car, and that said admission and agreement were made in the presence of witnesses.
After trial there was judgment in favor of plaintiff in the principal sum of $168.15, and further judgment rejecting defendant's reconventional demand, from which judgment defendant has appealed.
[1] The only issue tendered by this appeal is a question of fact, and, in our opinion, the evidence clearly preponderates in favor of the contentions of plaintiff.
The testimony of plaintiff as to the circumstances surrounding the accident was substantially corroborated by two witnesses who were walking down the highway, and, at the time of the accident, were some 80 or 100 feet from the scene of the accident. These witnesses testified, as did plaintiff, that defendant suddenly and without warning attempted to turn across the highway in the path of plaintiff's car, striking plaintiff's automobile and causing the damage complained of. Neither of the cars was traveling at an excessive rate of speed at the time, which accounts for the fact that no greater damages were suffered by either party. The weather was clear, visibility good, the road straight, and, so far as is disclosed, there is no reasonable explanation of defendant's negligence in turning into the path of plaintiff's on-coming vehicle. At the time plaintiff was on the right side of the road and had no reason to anticipate the sudden change in course of defendant's automobile.
The two eyewitnesses to the accident testified that they heard the defendant, Haynes, tell plaintiff he would pay the bill for repairs to plaintiff's car.
Immediately after the accident plaintiff took his car to the Barksdale Motors, Inc. Mr. S.W. McCranie, a witness for plaintiff, President and Manager of the motor company, testified that a short time after plaintiff left his car in the shop for repairs, the defendant, Haynes, called by his place of business and advised that he would stand good for the repairs to plaintiff's car.
[2] While plaintiff's version of the accident is disputed by the testimony of defendant, *Page 712 
we find no reason for refusing to accept the facts as portrayed by the testimony of plaintiff and the two eyewitnesses to the collision, which clearly leads to the conclusion that defendant was at fault. Nor can we discount the effect of the testimony of plaintiff, the two eyewitnesses, and the shop manager of the motor company as to defendant's agreement to pay for the damage to plaintiff's automobile, which agreement can only be construed as an admission of liability.
It is true that defendant testified that he did not make any agreement to pay for damages to plaintiff's car, and, in support of this denial, he produced a witness who testified that he accompanied defendant to the Barksdale Motors, was present when the defendant talked to McCranie, and heard no promise made by defendant to pay for the repairs to plaintiff's car. We can only conclude that defendant and the witness referred to were in error, and our conclusion in this respect is strengthened by the observation that there was no other reason which would have prompted defendant's visit to the Barksdale Motors other than the carrying out of the promise he had made to plaintiff, in the presence of witnesses, immediately following the collision.
The Judge of the trial court, who heard the testimony and observed the witnesses, found for plaintiff, and, there being no manifest error, we concur in such finding.
The judgment appealed from is affirmed at appellant's cost.