ELLIS, Judge.
This suit involves an automobile collision which happened at the intersection of Prescott Lane and Hanks Drive at approximately 5:30 P.M. in the city of Baton Rouge, Louisiana, on March 23, 1949. The plaintiff was driving west on Prescott Lane and the defendant was driving south on Hanks Drive. The plaintiff’s automobile was insured with a $50 deductible proviso, and the insurance company paid to him $207.02 and he is, therefore, suing for the use and benefit of the insurance company for such amount, and individually asking judgment for the $50 deducted..
Defendant filed an exception of no right or cause of action which it is not necessary to discuss as this particular exception is not raised on appeal. Defendant then filed a general denial and further answered alleging that the sole proximate cause of the collision was acts of negligence and violations of law by the plaintiff as follows:
“a. Plaintiff’s driving at a speed in excess of the lawful speed prior to and at the time of the collision.
"b. Plaintiff’s failure to keep his auto-, mobile under control- and to keep a proper lookout.
“c. Plaintiff’s failure to yield the right of way to respondent after respondent had preempted the intersection at which the collision occurred.
“d. Plaintiff’s failure to stop his automobile or veer to the left when he saw or should have seen that he was going to collide with respondent’s automobile.”
Defendant followed these specific charges of negligence with a reconventional demand.
The case was duly tried on February 24, 1950 and at its conclusion the trial judge indicated that he believed that both parties were negligent but that there was no plea of contributory negligence filed by the defendant. On March 7th, 1950 the defendants filed a petition accompanied by a rule to reopen the case in order that he might amend his answer so as to include the special plea of contributory negligence.
On March 14, 1950 plaintiff filed another exception of no cause and no right of action. It was defendant’s theory that the negligence of both litigants being the proximate cause of the accident and damage, therefore, under Article 2315 of the Civil Code neither could recover.
The trial court with written reasons refused to reopen the case so as to allow defendant to amend and supplement his answer by supplying the decree of contributory negligence for the reason that the case had been tried on its merits and it was his *799 opinion that such could not be done under the authority of Martin v. Toye Bros. Yellow Cab. Co., La.App., 162 So. 257 and Moore v. Davis, La.App., 196 So. 566.
On the merits, the District Court, under the authority of Parker v. Home Indemnity Co. of New York, La.App., 41 So.2d 783 and authorities therein cited, namely, Ryan v. Louisville, N. O. & T. Ry. Co., 44 La. Ann. 806, 11 So. 30; and Baden v. Globe Indemnity Co., La.App., 146 So. 784, held that as plaintiff’s own evidence reflected his contributory negligence, it must be accepted without regard to the omission of such a plea on the part of the defendant, and -further held that the defendant was also guilty of negligence and, therefore, rendered judgment dismissing plaintiff’s suit at his cost, and dismissing the recon-ventional demand of defendant at his cost.
Plaintiff appealed from the judgment of the District Court and the defendant has answered the appeal, reurging all questions previously presented to the District Court.
An examination of the pleadings in this case in connection with the settled jurisprudence leaves but one decision on the question of whether the defendant has plead contributory negligence, and the answer must be in the negative. Buechner v. City of New Orleans, 112 La. 599, 36 So. 603, 66 L.R.A. 334; McDonald v. Stellwagon, La.App., 140 So. 133; Althans v. Toye Bros. Yellow Cab Co., La.App., 191 So. 717; Nezat v. General Outdoor Adv. Co., La.App., 24 So.2d 482.
Defendant contends that all the facts necessary to a plea of contributory neglir gencé have been set out in his pleadings and that he had only failed to name the plea and set it forth in the alternative, and that under the liberal trend it should be considered as such a plea. The cases above cited, and there are many more, are squarely against defendant’s argument and are practically identical as to the pleadings in those cases and in the present, in that the defendant denied plaintiff’s allegations and then specifically and with particularity alleged in his answer that the negligencé of the plaintiff was the sole and proximate cause of. the accident.
The defendant next contends that the trial judge erred in refusing to permit the case to ¡be reopened for the purpose of specially pleading contributory negligence. Counsel for defendant cites many cases in which amendments were allowed but none in which a litigant was given the right to amend by pleading contributory negligence after a complete trial on the merits and submission of the case. We do not believe that the judge abused his discretion in refusing this plea as the case had been completed and submitted and had he done so counsel for plaintiff could have demanded an entire new trial, as it would have injected a new issue in the case.
It is shown that Prescott Lane was a black-topped street while Hanks Drive was a graveled street, both approximately 18 feet in width not counting the shoulders, and at this intersection there were no stop signs and there was no city ordinance favoring either as a right of way stréet. The defendant was traveling ■ south on Hanks Drive and intended to turn to his right on Prescott Lane and testified that he approached the intersection at a speed of approximately 20 or 25 miles per hour but applied his brakes in order to make a right hand turn and was proceeding at approximately five miles per hour on the right side of the street when he came out into the intersection and estimated that he could not have been going over five or ten miles an hour at the time of the collision. He further stated that he never saw the plaintiff until the moment of the collision.
Both the defendant and the plaintiff testified that on the northeast corner of the intersection to the defendant’s left and the-plaintiff’s right there was brush which obstructed the view to a certain extent.
It is shown that the plaintiff approached' the intersection driving on the right hand side of Prescott Lane at a speed of 30 to 35 miles per hour and did not see the defendant’s car until after the impact. His-explanation of this was that there was some shrubbery which prevented his seeing the *800 car of defendant. The front end of defendant’s car was damaged. and the testimony was that the right front fender, right front door, center post and rear right door of plaintiff’s car were damaged. It is evident that the front of the defendant’s automobile struck plaintiff’s Buick on the front fender and that the other damage was a continuation of the original contact.
It is plaintiff’s contention under this state of facts that he had pre-empted idle intersection. It is true that evidently the front portion of plaintiff’s car had crossed the center line of the intersection, however, we do not believe that the facts show a preemption. Rather, we think, as did the trial judge, that both parties were guilty of negligence which was the proximate cause of the accident. Neither party looked or even attempted to look before entering the intersection, and plaintiff’s speed of 30 to 35 miles per hour, while in itself not excessive, was excessive -under the facts and circumstances in this case. He contends that this was somewhat of a blind corner but the fact remain's that both streets were 18 feet in width not counting the shoulders, which would give each the opportunity to see the other in time to avoid a collision had each looked, and had the plaintiff been proceeding at a reasonable rate of speed at the time he reached the point where he was able to see the defendant’s car the accident would not have occurred.
•The serious question in this case, however, is the failure to specifically plead contributory negligence and whether the plaintiff by his own testimony has supplied .such a plea, which will be hereinafter discussed.
After the accident, defendant gave to the plaintiff the following written authorization : “I authorize you to fix H. O. ■Dobell 41 Buick. W. H. Neal.” Plaintiff contends that this written statement is an admission which is binding and relies upon the case of Dunigan v. Haynes, La.App., 26 So.2d 710. In that case the Court did not decide the case alone upon the admission of the defendant but clearly found additional facts upon which it concluded that the defendant was at fault.
In the case of Howze v. Hollandsworth, La.App., 26 So.2d 381, 385, the Court stated:
“Even if plaintiff was rational and knew what was going on, and made the statement that she was to blame, if the evidence shows otherwise, the fact that she made the statement would not bar her recovery.
. “ ‘Responsibility for an accident is a mere legal conclusion. A party to- a collision is not bound by a statement that he does not hold the other responsible.’ Lowery v. Zorn et al., La.App., 157 So. 826, 829.”
In Buwe v. Daste, La.App., 43 So.2d 173, 176, the Court, in commenting upon the holding in Howze v. Hollandsworth, supra, stated: “In the second of these cases, the court said that where a witness made a statement which proved to be contrary to the established facts that statement would not bar recovery. We find no fault with either of these conclusions, but we think that where the established facts are in conformity with what appears in such statements, the statements are highly corroborative and much weight should be accorded them. See Houston Oil Field Material Co. v. Marlow, La.App., 6 So.2d 149, and Facio v. Bellone, et al., La.App., 39 So.2d 448, in each of which it was held that such statements, when they seem to corroborate established facts, should be given much weight.”
The written statement made by defendant should be considered as corroborative of any testimony placing responsibility upon him.
In the alternative, the defendant asks that the judgment of the District Court be- affirmed under authority of the cases heretofore cited and which the Lower Court relied upon.
In the case of Baden v. Globe Indemnity Co., La.App., 145 So. 53, 56, the defendant answered and alleged that the death of plaintiff’s husband resulted from his own gross negligence and that the said L. H. Johnson was in no way responsible but was blameless in every particular in the collision of the two automobiles. There was no plea of contributory negligence. The *801 Court, with Judge Palmer dissenting on original hearing on the question oí whether the plaintiff had supplied the plea by his own proof, had the following to say:
“In the pleadings no reference is made to the contributory negligence on the part of the deceased, but this issue was raised in oral argument in this court for the first time by counsel for the defendant insurer.”
“It is a fundamental principle of pleading that the defense of contributory negligence is a special plea and must be pleaded in the alternative, but it is argued that evidence may be introduced which,_ if not objected to, will enlarge the pleadings. We have been unable to find any evidence in this case that was not already admissible under the pleadings. It is an established rule that, if evidence as introduced is admissible for any purpose under the pleadings, it cannot extend or enlarge the pleadings. In Judge Wortham’s Civil Procedure in Louisiana, in his discussion of the enlargement of pleadings by evidence, he says: ‘And with the further restriction, that evidence -received without objection, does not have the effect of broadening the pleadings where admissible for the purpose of any issue raised by the pleadings. Tensas Delta Land Co. v. Ferguson, 128 La. [171], 172, 181, 54 So. 708; Rogers v. Southern Fiber Co., 119 La. [714], 715, 44 So. 422, 121 Am.St.Rep. 537; Bonnette v. Wise, 111 La. 855, 35 So. 953.’
“In the case of Cunningham v. Penn Mut. Life Ins. Co. of Philadelphia, Pa., 152 La. 1023, 95 So. 110, 111, the court said: ‘While there was no objection to the evidence which was offered on the part of defendant, to the point that fraud had not been pleaded, this has not broadened the pleading, for the reason that it was all admissible upon the question of materiality, treating the answers of the applicant for insurance as representations. Tensas Delta Land Co. v. Ferguson, 128 La. 171, 54 So. 708; Rogers v. Southern Fiber Co., 119 La. [714], 715, 44 So. 442, 121 Am.St.Rep. 537; Bonnette v. Wise, 111 La. 855, 35 So. 953; Wortham’s Civil Procedure, vol. 1, p. 255.’
“Succession of Dauphin, 112 La. 103, 36 So. 287, 295: ‘Evidence received without objection can enlarge the pleadings only where such evidence was inadmissible -under the pleadings, and would have had to be excluded if objected to. As a matter of course, evidence admissible under the pleadings cannot have the effect of enlarging the pleadings.' If it had such effect, the issues in every -case would have to be ascertained from the evidence instead of from the pleadings.’
“McAdam v. Soria, 31 La.Ann. 862: ‘The failure to object to the admission of evidence bearing on an issue not made by the pleadings will not authorize the adjudication of that issue, when the evidence admitted is applicable to the issue made by the. pleadings. (Cited in Mackesy v. Shultz, 38 La.Ann. [385], 386; Rogers v. Southern Fiber Co., 119 La. 714, 44 So. [442], 443, 121 Am.St.Rep. 537.)’
“In 49 Corpus Juris, under the heading of ‘Pleading,’ § 1278, it is stated that the admission of evidence without objection may enlarge the pleadings, but that in order for it to have, that effect it must be such evidence as is not admissible for other purposes or on other issues.
“In this case we have been cited to no evidence which was admitted without objection and which was not already admissible under the pleadings in support of some issue already raised. That being true, the plea of contributory negligence cannot be considered by us.”
On rehearing, La.App., 146 So. 784, 786, the original decree was annulled and reversed and the Court made the following statement:
“We do not deem further discussion of the facts of the case -needful to a correct understanding of it, as these are fully covered in our original opinion and in the dissenting opinion of Judge Palmer. After a very thorough study and reconsideration of the testimony and pleadings, we have reached conclusions different to those expressed by the majority opinion heretofore rendered. We quote the following from the dissenting opinion of Judge Palmer, which we now affirm:
“ ‘Since plaintiff has voluntarily proved by her witnesses a state of facts that *802 shows contributory negligence on the part of her deceased husband, and which evidence not only was not necessary under her pleadings, but is contrary thereto, I think she has thereby extended the pleadings so as to inject into the case the issue of contributory negligence, and in addition, she has proven that defense, so that defendant is relieved from any liability in this case.
“ ‘But even if the foregoing conclusions are incorrect, I am still of the opinion that the judgment of the lower court should be reversed because plaintiff failed to discharge the burden of proof resting upon her. In making this statement I am conscious of the well-recognized rule that the findings of fact by the lower court will not be disturbed on appeal, unless manifestly erroneous. But as I appreciate the evidence, that manifest error exists in this case.’ ”
An examination of the case of Parker v. Home Indemnity Co. of N. Y., supra, shows that defendant specially pleaded contributory negligence on the pa'rt of the plaintiff but failed to set forth the facts upon which he relied in support of such a plea, and the appellate court held it could not be relied upon as constituting a plea of contributory negligence. Counsel for defendant, in answer to this charge of his failure to properly plead contributory negligence, contended that plaintiff’s own evidence reflected 'his contributory negligence barring recovery, and that it must be accepted without regard to the omission of a plea of contributory negligence. The Court on this point stated:
“The enunciated rule of enlargement of the pleadings by testimony is subject to certain requirements. The principle was stated by this Court in the recent case of Bayou Rapides Lumber Co. v. A. B. Campbell et al., La.App., 41 So.2d 78, 83, as follows :
“ ‘The principle of law has been well established in Louisiana that evidence relevant to issues that are pleaded does not have the effect of enlarging the pleadings to the extent of injecting new issues or injecting a cause of action not pleaded. Nezat v. General Outdoor Advertising Co., La.App., 24 So.2d 482; Tensas Delta Land Co., Ltd., v. Ferguson, Assessor, et al., 128 La. 171, 54 So. 708; Hope v. Madison, 192 La. 593, 188 So. 711.’
“The judgment of this Court on review •before the Supreme Court was affirmed and the opinion containing the above-quoted statement was adopted as that of the Supreme Court. Bayou Rapides Lumber Co. v. A. B. Campbell et al., [215], La. [849], 41 So.2d 781.
“It is necessary that we examine the testimony admitted in the light of this holding. But the manner in which and the means by which the enlarging testimony has been admitted also has a bearing in the application of the enunciated principle. It is established that if plaintiff’s own evidence reflects 'his contributory negligence to a degree barring recovery, it must be accepted without regard to the omission of such a plea on the part of defendant. Ryan v. Louisville N. O. & T. Ry. Co., 44 La. Ann. 806, 11 So. 30 [31]; Baden v. Globe Indemnity Co., La.App., 146 So. 784.
“Reverting to the record we find that the testimony of plaintiff himself, on direct examination, established the fact that he attempted to pass the car driven by defendant’s assured at a street intersection. Since this was an act specifically prohibited by law, plaintiff himself has established his own contributory negligence, and, in our opinion, even had defendant omitted to specifically allege contributory negligence this testimony would have supplied the omission.” [41 So.2d 787.]
The case of Althans v. Toye Bros. Yellow Cab Co., La.App., 191 So. 717, 725, contains a complete discussion and statement of the law, and the pleadings therein were similar to the ones before us in that in the Althans case, as in the case at bar, the defendant, in addition to denying its negligence, filed an affirmative defense in which it set forth with particularity that the accident was caused solely as the result of plaintiff’s negligence, but in the present case the defendant, in addition, has filed a reconventional demand.
*803 In the Althans case, the Court had this to say:
“In the case at bar, we find that the evidence, relied upon by defendant as proof of contributory negligence, was clearly admissible under the issue tendered by, the defendant’s answer. As we have above stated, the defendant, in addition to denying its negligence, filed an affirmative defense in which it set forth with particularity that the .accident was caused solely as the result of plaintiff’s negligence. At the trial of the case, defendant produced many witnesses in support of its contention. Surely, it cannot be said that counsel for the plaintiff could have successfully resisted the admission of this evidence. And, •by the same token, the plaintiff had the right to submit testimony to disprove defendant’s theory of the case without subjecting himself to the penalty of having the issue broadened. All such evidence was received in response to the pleadings and did not have the effect of enlarging them so as to tender the defense of contributory negligence.
“Counsel for the defendant nevertheless persists that plaintiff’s own statement on the witness stand plainly discloses contributory negligence on. his part and that, where such evidence is voluntarily tendered, it has the effect of enlarging the pleadings to include that defense. The cases of Ryan v. L., N. O. & T. Ry. Co., supra, [44 La.Ann. 806, 11 So. 30], Aymond v. Western Union Tel. Co., 151 La. 184, 91 So. 671, Roy v. Yarbrough, La.App., 167 So. 883, Frierson v. Shreveport Grocery Co., 3 La.App. 44, and Baden v. Globe Indemnity Co., on rehearing La.App., 146 So. 784, are cited in. suppo'rt of this contention.
“The cases relied upon, with the exception of Baden v. Globe Indemnity Co., supra,’ do not sustain counsel’s argument. It may be said, however, that there is certain dicta in the cases of Roy v. Yarbrough, supra, and Frierson v. Shreveport Grocery Co., supra, from which the defendant may derive some comfort but, be this as it may, we do not regard those matters as authority for the proposition urged.
“In Baden v.' Globe Indemnity Co., supra, the defendant failed to plead contributory negligence as a defense. It was nevertheless argued that, - since evidence of contributory negligence had bfeen received in the case without objection, the pleadings had been enlarged. The Court of Appeal for the Second Circuit, on first hearing (see 145 So. 53) resolved that the pleadings had not been expanded because the evidence received was- admissible under other issues in the case. However, on rehearing (see 146 So. 784), the court reversed itself and held that the plaintiff, by her own testimony, 'had proved a state of facts which exhibited contributory negligence on the part of her deceased husband and that, since such evidence did not support her petition, but was contrary thereto, the pleadings were thereby extended so as to inject into the matter the issue of contributory negligence. ' :
“The pleadings in the Baden case .were vastly different from those in the instant one. There, the' answer of the defendant merely denied fault on its part whereas, here, the defendant, in addition to a denial of negligence, filed an áffirmative plea in which it alleged that the accident wa:s caused solely through plaintiff’s f atilt. Hence, should- we assume that plaintiff's statement on the witness stand exhibits contributory negligence oil his part (which is a violent assumption, sincé his testimony, if believed, shows that he is free from fault), it does not follow that the pleadings were augmented by his evidence so as to tender the issue of contributory negligence inasmuch as evidence concerning his own fault was admissible as responsive to the issue presented by the defendant, i. e., that ■ plaintiff’s negligence was the sole and proximate cause of the accident.”
In the case of Meyer v. Rein (Orl.App. 5/15/44, reh. den. 5/29/44, writ of cert, den. 7/14/44) 18 So.2d 69, 72, we find another case similar to the one under consideration, so far as the pleadings are concerned. In this- case,''the -plaintiff charged the defendant as being solely responsible for the collision, whereas the defendant denied his negligence and " asserted that *804 the accident was caused solely by the negligence of the driver of plaintiff’s car but did not plead contributory negligence. The Court stated: “We think that it is clear that there was negligence on the part of both drivers” and, in effect, further stated that had contributory negligence been plead it would have been a bar to plaintiff’s recovery. The Court quoted from its opinion in the Althans case and reaffirmed its holding to the effect that the evidence relied upon by the defendant as proof of contributory negligence was clearly admissible under the issue of whether or not the negligence of the driver of plaintiff’s car was the sole cause of the accident and that the introduction of that evidence did not enlarge the pleadings or raise the issue of contributory negligence, and although, having stated that both parties were negligent, in view of the pleadings, that is, the failure to plead contributory negligence, rendered judgment in favor of the plaintiff.
The same contentions made by defendant in the present case were also made by the defendant in the case of Nezat v. General Outdoor Advertising Co., supra, and in the latter case the Court reaffirmed and quoted from Althans v. Toye Bros. Yellow Cab Co., supra, and Meyer v. Rein, supra, and accepted the contention of defendant in the following words:
“Counsel argues that, since in paragraph VIII it was averred that the accident was due solely to the fault and negligence of plaintiff, paragraph IX must be construed as an alternative plea and that this alternative plea must be construed as a plea of contributory negligence. It is argued that, since, in the first paragraph they charge that plaintiff’s negligence was the sole cause of the accident, when they followed this charge with the further one that he was negligent in certain particulars, this second charge must be considered as ’having been made in the alternative.
“We cannot so interpret the answer. It is very obvious to us that this answer contains no plea of contributory negligence and certainly no plea in the alternative. In the absence of such a plea, it is well settled that the contributory negligence of the plaintiff, if there was such negligence, cannot be considered. We so held in Althans v. Toye Brothers [La.App.], 191 So. 717, and in Meyer v. Rein [La.App.], 18 So.2d 69. * * *
i* * * * *
“Counsel for defendants maintain that the pleadings were broadened by the introduction of evidence which was not objected to and it is very true that there is a well established rule that where evidence which might not be admissible under the pleadings is permitted to go into the record without objection, the pleadings are broadened and extended thereby.
“But that rule has no application where the evidence which has found its way into the record is admissible on some other phase of the case or under the pleadings which are in the record. We discussed this question, too, in the Althans case and we think showed the distinction between a case such as that in which the evidence was admissible under the pleadings and the case where the evidence which was admitted without objection would have been excluded had it been objected to. Such a case is Baden v. Globe Indemnity Co., La. App., 146 So. 784.
“In the case at bar the evidence, which counsel for defendants claim broadened the pleadings, was certainly admissible under the plea of the defendants that the sole and only cause of the accident was the negligence of plaintiff himself. Under that plea there certainly was admissible the evidence of plaintiff as to what he had done as he approached and as he entered the intersection. And since that evidence was admissible under that plea of the defendants, defendants cannot now be hea'rd to say that, since plaintiff himself testified as to his actions as he entered the intersection, his testimony broadened the pleadings and permitted us to consider whether or not he was himself guilty of contributory negligence.
“Our conclusion is that the plea of contributory negligence does not appear in the record; that the pleadings were not broadened by the testimony of Nezat as to the occurrence of the accident; and that, therefore, the sole issue in the case is. *805 whether or not the driver of the truck was guilty of negligence that had causal connection with the accident. We think that he was guilty of such negligence.” [24 So.2d 484.]
In the present case, the testimony of the plaintiff on direct examination that he was traveling 30 to 35 miles per hour, and his testimony under cross-examination and under examination by the Court to the effect that he did not see the defendant until the actual collision would be admissible to prove the affirmative defense offered that plaintiff’s negligence was the sole and proximate cause of the accident, and was admissible to prove the defendant’s «conventional demand, and, therefore, it was not necessary and would have been of no ravail to counsel for plaintiff to make any objection. It did not have the effect of enlarging the pleadings so as to tender the issue of contributory negligence. This testimony should only be considered in the light of its admissibility.
In the case at bar as in the Nezat case, supra, the sole issue is whether or not the defendant was guilty of negligence that had causal connection with the accident. From the testimony we find that he was guilty of such negligence and that, although the plaintiff was guilty of negligence, it cannot be considered under the pleadings.
While there is no doubt that an exception of no cause or no right of action may be filed at any time and in any court, ou'r Supreme Court in Dodge v. Bituminous Casualty Corporation, 214 La. 1031, 39 So.2d 720, 721, held: “As a general rule, contributory negligence being a special defense cannot be pleaded on an exception of no cause of action, since negligence ■ is a question of fact which must be determined by a trial on the merits. There is, however, an exception to this general rule. For example, if the inference can be drawn from the facts alleged by the plaintiff showing him to have been guilty of contributory negligence, this negligence can be determined as a matter of law by the judge. McMahon, Exception' of No cause of Action in Louisiana, 9 T.L.R. 17, 22 (1934). The first clear rule on this subject was formulated in Gibbs v. Illinois Central R. Co., 169 La. 450, 125 So. 445. In that case the court held that an exception of no cause of action based on plaintiff’s contributory negligence should not be maintained unless the facts alleged by the plaintiff show affirmatively that he was guilty of negligence and that such negligence was the proximate cause of the accident. This rule places the determination of each case on a trial on the merits rather than on paper pleadings. A decision on ■the exception of no cause of action is not a fair way to determine the rights of litigants, since the facts alleged in each case raise several problems materially affecting those rights which can best be solved by the 'hearing of evidence in the case.”
In Bartholomew v. Impastato, 12 So.2d 700, 702, the Orleans Court of Appeal with Judge, now Justice, McCaleb as the organ of the Court stated: “Counsel’s appreciation of the procedure applicable to civil trials in Louisiana is correct. An exception of no cause of action addresses itself to the sufficiency in law of the petition and exhibits attached thereto. It is triable on the face of the papers. See Trumbaturi v. Katz & Besthoff, 180 La. 915, 158 So. 16, Rome v. London & Lancashire Indemnity Co., 181 La. 630, 160 So. 121 and other cases, too numerous to mention. In determining whether the exception is well founded, the court does not consider the evidence submitted in support of the petition, except in cases where the exception is filed after evidence has been taken and the allegations of the petition have been enlarged by such evidence which has been received without objection. See Bell v. Globe Lumber Co. Ltd., 107 La. 725, 31 So. 994;. McQueen v. Tremont Lumber Co., La.App., 151 So. 683 and Anderson v. Harvey & Jones, La.App., 154 So. 495. * *” See also Roy v. Mutual Rice Co., of Louisiana, 177 La. 883, 149 So. 508.
The petition of plaintiff stated a cause of action, and in view o.f our-ruling that the pleadings were not enlarged by any evidence, the exception of no cause of action must be overruled.
*806 For the above reasons, the judgment of the District Court.is hereby annulled, and it is now ordered that there be judgment in favor of the plaintiff, individually, and against the defendant in the sum of $50 with interest thereon at the rate of 5% per annum from date of judicial demand until paid, and that there be further judgment in favor of plaintiff for the use and benefit of Hardware Mutual Casualty Company and against the defendant in the additional sum of $207.02, together with interest thereon at ■the rate of 5% per annum from date of judicial demand .until paid,-and for all costs of this suit.